*379 OPINION OF THE COURT
Per Curiam.
Although a grant of leave to appeal to this court ordinarily brings every reviewable issue before the court we hold that under rule 500.11 of the Rules of the Court of Appeals (22 NYCRR 500.11), if a party in its application for leave to appeal specifically limits the issues it seeks to have reviewed, it is bound by such limitation and may not raise additional issues on the appeal. Here, because of the express limitation in the application of defendant Buzzetta Construction Corp., plaintiffs’ motions to strike portions of Buzzetta’s jurisdictional statement and brief should be granted.
Plaintiffs sued the City and its general contractor, Buzzetta, after plaintiff Rose Quain sustained injuries when she fell into a hole at an unfinished New York City sewer project. A jury awarded plaintiffs damages and apportioned responsibility 75% to Buzzetta and 25% to the City. After trial the court granted the City’s motion for summary judgment on its cross claim against Buzzetta for full recovery over based on the indemnification clause in the sewer project contract. The Appellate Division affirmed with respect to the issues of liability and the claim over, but modified by directing a new trial on damages unless plaintiffs stipulated to a reduction in the award. Plaintiffs so stipulated.
In moving papers accompanying its motion for leave to *380 appeal, Buzzetta stated: "[I]t is requested that this Honorable Court review that limited issue on this motion for leave to appeal of whether the Appellate Division was in error to the extreme prejudice of this appellant in holding that the applicable amended Section 5-322.1 of the General Obligations Law did not make void, unlawful and against public policy the recovery by the City of indemnification from Buzzetta for the City’s 25% adjudicated negligence by virtue of the City’s contractual indemnification provision in its contract.” In its jurisdictional statement (Rules of Court of Appeals, 22 NYCRR 500.2 [c]) and in its brief, however, Buzzetta raised the issue of its liability to plaintiffs. Thereafter, plaintiffs moved to resettle our order granting leave and to strike those portions of Buzzetta’s jurisdictional statement and brief pertaining to the question of liability to plaintiffs. We denied those motions without prejudice to their renewal during the appeal. We consider plaintiffs’ motions to strike to have been renewed and conclude that they should be granted.
Ordinarily when the court grants a motion for leave to appeal all issues of which the court may take cognizance may be addressed by the parties. Where, however, the party seeking leave specifically limits the issues to be raised, it is bound thereby and may not thereafter raise other questions. To permit otherwise necessarily disadvantages the opposing parties, who might have joined issue or even cross-moved for leave to appeal as to additional issues had adequate notice been given. Having limited itself to the issue of indemnification, Buzzetta may not now raise the question of liability as to plaintiffs.
Buzzetta contends, and the City now concedes, that General Obligations Law § 5-322.1 prohibits enforcement of the indemnification clause on which the City’s full recovery over against Buzzetta is predicated. Recovery over based on this clause cannot stand. The City’s alternative argument supporting full recovery over, based on breach of contract, was not raised in the pleadings or in its motions before the trial court and is, thus, not properly before this court.
Plaintiffs’ motions to strike should be granted. There should be a reversal of the order of the Appellate Division, insofar as appealed from, and the apportionment of damages between the defendants should be reinstated.
Chief Judge Wachtler and Judges Simons, Kaye, Titone, Hancock, Jr., and Bellacosa concur in Per Curiam opinion; Judge Alexander taking no part.
*381 Plaintiffs’ motions to strike portions of appellant’s jurisdictional statement and brief granted. Order, insofar as appealed from, reversed and the apportionment of damages between defendants reinstated, with costs to appellant against the City of New York and to plaintiffs against appellant.