■ MAURICE WALSH, Plaintiff, v MORSE DIESEL, INC., Defendant and Third-Party Plaintiff-Appellant. A & M WALLBOARD CORPORATION, Third-Party Defendant-Respondent.—In an action to recover damages for personal injuries, the defendant third-party plaintiff Morse Diesel, Inc., appeals, as limited by its brief, from so much of a judgment of the Supreme Court, Queens County (Lonschein, J.), entered June 25, 1987, as dismissed the third-party complaint against the third-party defendant A & M Wallboard Corporation for failure to make out a prima facie case.

Ordered that the judgment is reversed insofar as appealed from, on the law, the third-party complaint is reinstated, the third-party action is severed, and the third-party plaintiff is granted a new trial of the third-party complaint, with costs to abide the event.

The plaintiff Maurice Walsh brought this action to recover compensation for the personal injuries he suffered on December 17, 1981, while he was working at a construction site. The defendant Morse Diesel, Inc. (hereinafter Morse Diesel) subsequently commenced a third-party action against Mr. Walsh's

employer, the third-party defendant A & M Wallboard Corporation (hereinafter A & M). The third-party complaint includes a cause of action based on allegations that A & M was contractually obligated to indemnify Morse Diesel against any liability resulting from the injuries suffered by Mr. Walsh.

Prior to trial, the parties stipulated that Mr. Walsh's damages should be assessed in the amount of $20,000. The subsequent testimony of Mr. Walsh—the only party who testified—established that on December 17, 1981, his foreman instructed him to obtain the use of a scaffold. After several minutes of use, the plywood support of the scaffold obtained by Mr. Walsh "just buckled" and "gave out", causing Mr. Walsh to fall. Based on these uncontested facts, the trial court granted judgment during trial in favor of the plaintiff and against Morse Diesel, pursuant to the provisions of Labor Law § 240 (1) in the stipulated principal sum of $20,000.

Morse Diesel then attempted to prove its third-party claim based upon contractual indemnification by seeking to introduce into evidence a copy of the contract which it claims to have had with A & M. However, the trial court expressed its view that in the absence of any proof that A & M was to some extent negligent, Morse Diesel would be precluded from enforcing any indemnification agreement that it might be able to prove. The court found that Morse Diesel was unprepared to prove any negligence on the part of A & M, and therefore dismissed the third-party complaint.

On this appeal, the propriety of the money judgment in favor of the plaintiff and against Morse Diesel is beyond dispute. It is, in any event, clear that even in the absence of any proof of negligence on the part of Morse Diesel, liability was properly imposed upon it pursuant to Labor Law § 240 (1) (see, Smith v Hooker Chem. & Plastics Corp., 70 NY2d 994; Bland v Manocherian, 66 NY2d 452; Zimmer v Chemung County Performing Arts, 65 NY2d 513). "Violation of this section imposed absolute liability on an owner or contractor regardless of the degree of its control over the work" (DaBolt v Bethlehem Steel Corp., 92 AD2d 70, 74, citing Haimes v New York Tel. Co., 46 NY2d 132; Smith v Hooker Chems. & Plastics Corp., 89 AD2d 361; Rea v Elia Bldg. Co., 79 AD2d 1102). Thus, the sole question on appeal is whether the trial court properly precluded Morse Diesel from shifting this statutory liability to the third-party defendant.

The indemnification clause contained in the contract which Morse Diesel claims to have made with A & M is written in

the broadest terms. It provides, *inter alia,* that "[t]o the extent permitted by law [A & M] shall save and hold [Morse Diesel] harmless from and against all liability which arise[s] out of or [is] connected with any accident which happens about the place where the work is being performed (1) while [A & M] is performing the work or (2) while any of [A & M's] personnel are in or about such place". In this case, then, the " 'intention to indemnify can be clearly implied from the language and purposes of the entire agreement' " *(Drzewinski v Atlantic Scaffold & Ladder Co.,* 70 NY2d 774, 777, quoting from *Margolin v New York Life Ins. Co.,* 32 NY2d 149, 153). There is no question that the plaintiff's accident occurred in an area where A & M's employees (including the plaintiff himself) were working. There is no reason not to enforce the indemnification agreement *(see generally, Vey v Port Auth.,* 54 NY2d 221; *Allen v Cloutier Constr. Corp.,* 44 NY2d 290, 301).

We recognize that the terms of General Obligations Law § 5-322.1, as amended in 1981 (L 1981, ch 964), would prevent Morse Diesel from obtaining contractual indemnification to the extent that its own negligence contributed to the plaintiff's accident *(see, Quain v Buzzetta Constr. Corp.,* 69 NY2d 376; *cf., Drzewinski v Atlantic Scaffold & Ladder Co., supra; Quevedo v City of New York,* 56 NY2d 150, *rearg denied* 57 NY2d 674). Apparently relying on this statute, the trial court held that Morse Diesel could not shift liability to A & M unless some amount of negligence on the part of A & M were proven to have contributed to the accident. We believe, however, that Morse Diesel should be allowed to benefit from its indemnification agreement even in the absence of such proof *(see, e.g., McGurk v Turner Constr. Co.,* 127 AD2d 526, 529-530 [summary judgment in favor of indemnitee against indemnitor, where indemnitor supervised the injured plaintiff and had duty to furnish all material]; *Heath v Soloff Constr.,* 107 AD2d 507, 512-513 [summary judgment in favor of indemnitee where record contains no proof that indemnitee participated in work]; *see also, Kemp v Lakelands Precast,* 55 NY2d 1032; *Glielmi v Toys "R" Us,* 94 AD2d 663). It was A & M's burden to come forward with proof of facts sufficient from which one could infer actual negligence on the part of Morse Diesel, and in the absence of such proof, the limitation on the force of the parties' indemnification agreement which results from application of General Obligations Law § 5-322.1 is inapplicable *(cf., De Crisci v P & C Food Mkts.,* 107 AD2d 1029, 1030-1031 [triable issue of fact as to whether indemnitee's negligence contributed to accident precludes summary judgment for full

contractual indemnification]; *DeFilippis Crane Serv. v Joannco Contr. Corp.*, 132 AD2d 517, 518). In the present case, as noted above, there is no proof of any negligence on the part of Morse Diesel.

We therefore reverse the judgment insofar as appealed from and remit the matter for a trial with respect to the third-party complaint. Morse Diesel will be entitled to full contractual indemnification from A & M upon proof that these parties, in fact, entered into the contract which Morse Diesel offered into evidence. It will then be A & M's burden to prove the extent to which Morse Diesel's negligence may have contributed to the plaintiff's injuries, for in the absence of such proof, the terms of General Obligations Law § 5-322.1 are irrelevant and full indemnification is warranted. Bracken, J. P., Lawrence, Kunzeman and Spatt, JJ., concur.