■ JOYCE CONNOLLY et al., Plaintiffs, v BROOKLYN UNION GAS COMPANY, Respondent; HALLEN CONSTRUCTION COMPANY, INC., Appellant, et al., Defendant.—In an action to recover damages for personal injuries, etc., the defendant Hallen Construction Company, Inc., appeals from a judgment of the Supreme Court, Queens County (Santucci, J.), entered March 27, 1989, which, upon a jury verdict as to the amount due under an indemnification agreement, and a stipulation of the parties reducing the verdict as to damages, is in favor of the defendant Brooklyn Union Gas Company and against it in the principal sum of $4,872.75.

Ordered that the judgment is affirmed, with costs.

The plaintiffs commenced this action against Brooklyn Union Gas Company (hereinafter Brooklyn Union Gas) to recover damages for injuries Joyce Connolly suffered when she fell at an excavation site. Brooklyn Union Gas brought a third-party action against the two companies that had performed work at the site pursuant to contracts with Brooklyn Union Gas: the appellant Hallen Construction Company, Inc. (hereinafter Hallen) and New York Paving, Inc., and those parties were joined as defendants in the main action. The plaintiffs subsequently settled the action with New York Paving, Inc., and discontinued the action as against Brooklyn Union Gas. Pursuant to its indemnification agreement with Hallen, Brooklyn Union Gas

then sought reimbursement for its expenses in defending the lawsuit and, after a trial, was awarded a judgment for attorney's fees and costs in the amount of $4,872.75.

Pursuant to its contract with Brooklyn Union Gas, Hallen was obligated to "indemnify and hold harmless" Brooklyn Union Gas against any liability for damages for bodily injuries arising in connection with any work performed under the contract, whether or not such injuries were attributed in any way to the negligence of Brooklyn Union Gas. In addition, Hallen was obligated to pay any and all expenses, including attorney's fees, which were incurred by reason of any such claims for damages. Hallen contends that this agreement is void and unenforceable under General Obligations Law § 5-322.1, which precludes owners and contractors from passing along the risks of their own negligent actions to other parties *(see, Brown v Two Exch. Plaza Partners,* 76 NY2d 172). However, if there is no evidence of any fault on the part of the owner or contractor, the statute is not violated by allowing that owner or contractor to allocate responsibility through an indemnification agreement *(see, Brown v Two Exch. Plaza Partners, supra; Walsh v Morse Diesel,* 143 AD2d 653).

Hallen's obligation to pay the costs of Brooklyn Union Gas's defense in this action is no broader than its duty to indemnify Brooklyn Union Gas *(see, Cannavale v County of Westchester,* 158 AD2d 645). In order to prevail on its claim that the indemnification agreement was unenforceable under General Obligations Law § 5-322.1, and that it therefore had no duty to defend, Hallen was required to present proof that Brooklyn Union Gas was at least partially negligent. The action was discontinued against Brooklyn Union Gas without any finding that Joyce Connolly's injuries were due to Brooklyn Union Gas's negligence in whole or in part. The record does not indicate that Hallen was prepared to offer proof that Brooklyn Union Gas was at fault, as it took the erroneous position at the trial that Brooklyn Union Gas was required to prove that Hallen was negligent in order to prevail under the terms of the indemnification agreement *(see, Walsh v Morse Diesel, supra).*

Thus, the contract was not rendered unenforceable by General Obligations Law § 5-322.1. Since Hallen conceded that the personal injury action arose out of work it performed at the site of the accident, Brooklyn Union Gas was properly awarded the costs of defending this action. Mangano, P. J., Eiber, O'Brien and Ritter, JJ., concur.