■ PAUL BISHOP et al., Plaintiffs, v PORT AUTHORITY OF NEW YORK AND NEW JERSEY et al., Defendants, and TRANS WORLD AIRLINES, INC., Defendant and Third-Party Plaintiff-Appellant. SEELYE STEVENSON VALVE & KNECHT, INC., Third-Party Defendant-Respondent.—In an action to recover damages for personal injuries, etc., the defendant third-party plaintiff Trans World Airlines, Inc., appeals from so much of a judgment of the Supreme Court, Queens County (Leviss, J.), dated March 28, 1989, as, after a ruling denying its application for leave to amend its third-party complaint, dismissed its cause of action

for contractual indemnification against the third-party defendant Seelye Stevenson Valve & Knecht, Inc.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

In January 1984 the defendant third-party plaintiff, Trans World Airlines, Inc. (hereinafter TWA), entered into an agreement with third-party defendant Seelye Stevenson Valve & Knecht, Inc. (hereinafter Seelye). Seelye was to perform engineering services for TWA involving "the design and preparation of plans and specifications for the construction of certain facility modifications", including "hydrant fueling", and "[a]dditional fueling surge suppressors and pits" in the fueling system. Further, Seelye was to "test, where necessary". Paragraph 6 of the agreement, entitled "Liability", provided, as follows: "The Engineer [Seelye] shall have sole liability under this Agreement for any action, claim, injury (including death) or damage caused by or to any person or persons employed or retained by Engineer to perform services in connection with this Agreement and shall hold Owner free and harmless therefrom. Engineer shall maintain such insurances, including Workmen's Compensation and contractor's liability insurance, as may be necessary to protect himself and Owner hereunder and shall furnish evidence of such coverages satisfactory to Owner".

In the course of performing its services, Seelye hired an independent contractor, Dayton Brown, Inc. to test "the surge on the fuel lines" for TWA. The plaintiff Paul Bishop, an employee of Dayton Brown, Inc., was injured partly by the negligence of TWA's employees while performing such surge tests.

The injured plaintiff and his wife, Barbara Bishop, brought suit against the Port Authority of New York and New Jersey, Allied New York Services, Inc., and TWA. TWA commenced a third-party action against Seelye for, in relevant part, contribution and contractual indemnification.

After a trial, the injured plaintiff was found 25% at fault, the named defendants were found 75% at fault, and Seelye was found 15% at fault on TWA's contribution claim. Thereafter, the trial court dismissed so much of TWA's third-party complaint as sought contractual indemnification against Seelye on the ground that the injured plaintiff's accident did not occur while Seelye was performing work under its 1984 agreement with TWA. The trial court denied TWA's motion for leave to amend its third-party complaint to include a cause of

action to recover damages for breach of the contractual provision purportedly requiring Seelye to maintain insurance for TWA.

On appeal, TWA claims that the trial court erred by dismissing its claim sounding in contractual indemnification, and by denying its request to amend its third-party complaint. We disagree with both contentions.

Initially, we agree with TWA that the evidence at trial established that the injured plaintiff's accident arose while Seelye was performing work covered by its 1984 agreement with TWA. Nevertheless, we find that paragraph 6 of the 1984 agreement is limited by General Obligations Law § 5-322.1, which "prevent[s] [TWA] from obtaining contractual indemnification to the extent that its own negligence contributed to the [injured] plaintiff's accident" *(Walsh v Morse Diesel, 143 AD2d 653, 655; see, Quain v Buzzetta Constr. Corp., 69 NY2d 376; cf., Drzewinski v Atlantic Scaffold & Ladder Co., 70 NY2d 774).* Therefore, TWA was entitled to contribution from Seelye but not contractual indemnification for its own share of the fault *(cf., Walsh v Morse Diesel, supra, at 655).*

Contrary to TWA's further contention, paragraph 6 of the 1984 agreement merely purports to require Seelye to obtain "hold-harmless" insurance coverage in favor of TWA, which is precluded by General Obligations Law § 5-322.1 *(see, Kinney v Lisk Co., 76 NY2d 215, 218-219).* The provision did not require Seelye to "obtain a liability policy insuring [TWA]" *(Kinney v Lisk Co., supra, at 218; cf., Jensen v Chevron Corp., 160 AD2d 767).* Accordingly, since the amendment sought by TWA was totally lacking in merit, we find no reason to disturb the trial court's denial of its motion for leave to amend its third-party complaint *(see, e.g., DeGuire v DeGuire, 125 AD2d 360; Norman v Ferrara, 107 AD2d 739; Andersen v University of Rochester, 91 AD2d 851).* Thompson, J. P., Kunzeman, Lawrence and Miller, JJ., concur.