■ ALLSTATE INSURANCE COMPANY, Appellant, v MARSHALL GRANT et al., Respondents, et al., Defendant.—In an action for a judgment declaring that the plaintiff has no duty to defend or indemnify the defendants Marshall Grant and Susie Grant with respect to an incident which occurred on January 6, 1985, the plaintiff appeals from a judgment of the Supreme Court, Queens County (Bardy, J.), dated June 2, 1990, which, after a nonjury trial, directed it to undertake the defense of the defendants Marshall Grant and Susie Grant in a personal injury action brought against them by the codefendant Theresa Howard with respect to the incident which occurred on January 6, 1985.

Ordered that the judgment is reversed, on the law and the facts, with costs payable by the defendants Marshall Grant and Susie Grant, and it is declared that the plaintiff is relieved of any duty to defend and/or indemnify the defendants Marshall Grant and Susie Grant with respect to the incident which occurred on January 6, 1985.

On January 6, 1985, Marshall Grant and Theresa Howard engaged in an altercation which resulted in personal injury to Howard and criminal charges against Grant. Grant ultimately pleaded guilty to the charges and was sentenced to a term of probation. One year later, on or about January 8, 1986, Howard instituted a civil suit against Grant and his wife for the injuries she had sustained. Not until January 17, 1986, after receipt of the summons and complaint in the civil action, did the Grants notify the plaintiff Allstate Insurance Company (hereinafter Allstate) of the occurrence. By letter dated January 23, 1986, Allstate disclaimed coverage on the ground that the insureds had not given prompt notice of the incident, as required by their homeowners' policy.

On or about March 10, 1986, Allstate instituted the instant action for a judgment declaring its rights and duties under the policy. After a nonjury trial, the Supreme Court directed the insurer to defend the defendants Marshall Grant and Susie Grant in the underlying action, and, if necessary, to indemnify them. The court found that the delayed notice was reasonable under the circumstances, in that the Grants did not honestly believe that a civil claim would be made against them by

Howard, or that they were liable to her in any way. We disagree.

Notice by the insured to the insurer must be given within the time limit provided for in the policy, or within a reasonable time under all the circumstances *(see, Security Mut. Ins. Co. v Acker-Fitzsimons,* 31 NY2d 436, 440; *Schiebel v Nationwide Mut. Ins. Co.,* 166 AD2d 520). Fulfilling the notice requirements is a condition precedent to the insurer's liability *(see, Rushing v Commercial Cas. Ins. Co.,* 251 NY 302), and the failure to satisfy such requirements, absent a valid excuse, vitiates the insurer's obligations under the policy *(see, Deso v London & Lancashire Indem. Co.,* 3 NY2d 127, 129). The record reveals that the insureds' proffered excuses for not providing timely notice of the incident, i.e., an honest, good-faith belief that they were not liable, and/or their lack of knowledge that personal injury had occurred, are not reasonable under all the circumstances.

In view of our determination, we need not reach the plaintiff's remaining contention. Bracken, J. P., Sullivan, Harwood and Lawrence, JJ., concur.