■ STRUCTURE TONE, INC., et al., Appellants, v ZURICH INSURANCE COMPANY, Respondent, et al., Defendants. [597 NYS2d 702] —Order and judgment (one paper), Supreme Court, New York County (Harold Tompkins, J.), entered on or about May 14, 1992, which, inter alia, granted defendant Zurich Insurance Company's motion for summary judgment, dismissed the complaint as against Zurich, and declared that Zurich has no obligation to defend or indemnify plaintiff Structure Tone, Inc., in the underlying action against it, unanimously affirmed, with costs.

Appeal from the order of the same court and Justice entered on or about September 3, 1992 which denied plaintiff's motion for reargument, unanimously dismissed, as non-appealable.

Summary judgment was properly granted to defendant insurance company in this action to determine whether the defendant Zurich Insurance Company has an obligation to defend and indemnify plaintiff Structure Tone, Inc., in an underlying action for wrongful death and personal injury, because of plaintiff's failure to give timely notice. It is well settled that notice by the insured to the insurer must be given within the time limit provided for in the policy, or within a reasonable time under all the circumstances, and that failure to fulfill this condition precedent vitiates the insurer's obligations under the policy in the absence of a valid excuse (Allstate Ins. Co. v Grant, 185 AD2d 911). Plaintiff's claim that it gave oral notice to an insurance broker is insufficient to raise a triable issue of fact in light of the written notice require-

ments under the policy *(see, Elkowitz v Farm Family Mut. Ins. Co.,* 180 AD2d 711), as is plaintiff's claim that it did not receive a copy of the insurance policy under which it purportedly was insured, especially in the absence of a showing of due diligence to determine the extent of its purported coverage *(see, Losi v Hanover Ins. Co.,* 139 AD2d 702, 704, *appeal dismissed* 72 NY2d 950). Here, the three-year delay in forwarding written notice was unreasonable as a matter of law *(see, Deso v London & Lancashire Indem. Co.,* 3 NY2d 127; *Elkowitz v Farm Family Mut. Ins. Co., supra).* No appeal lies from an order denying reargument *(Charney v North Jersey Trading Corp.,* 184 AD2d 409). Concur—Sullivan, J. P., Ross, Kassal and Nardelli, JJ.