■ PUBLIC ADMINISTRATOR OF BRONX COUNTY, as Administrator of the Estate of PETER J. KIRBY, Deceased, Plaintiff, v EQUITABLE LIFE ASSURANCE SOCIETY OF THE UNITED STATES et al., Defendants, STRUCTURE TONE, INC., Respondent, and COYNE ELECTRICAL CONTRACTORS, INC., Appellant. (And Third-Party, Second Third-Party and Fourth-Party Actions.) [603 NYS2d 830] —Order, Supreme Court, Bronx County (Anita R. Florio, J.), entered April 15, 1992, granting defendant Struc-

ture Tone's motion for leave to serve an amended answer adding a cross claim against co-defendant Coyne Electrical Contractors, unanimously reversed, on the law, and the motion is denied, without costs.

Structure Tone was the general contractor on a construction project at the midtown Manhattan offices of Paul, Weiss, Rifkind, Wharton & Garrison. Coyne subcontracted to do the electrical work, and plaintiff's decedent, a plasterer, was fatally injured when he came in contact with a live wire.

By the terms of the electrical subcontract, Coyne was to furnish a certificate that it was carrying comprehensive general liability insurance, *inter alia,* at specified limits, and it further agreed to indemnify and hold Structure Tone harmless against all liability claims. Structure Tone's purported cross claim alleges Coyne's breach of that subcontractual obligation by failing to provide comprehensive general liability coverage for Structure Tone. However, there is in the record a broker's certificate of insurance confirming the issuance of liability coverage to Coyne by Zurich Insurance Company at the appropriate limits. This certificate also bears a notation that Structure Tone is an "ADD'L INSURED", although the policy itself contains no endorsement extending coverage to Structure Tone.

Earlier this year, we affirmed a dismissal of Structure Tone's declaratory judgment action against Zurich under this policy *(Structure Tone v Zurich Ins. Co.,* 193 AD2d 554). But that dismissal was based solely on Structure Tone's failure to give Zurich timely notice of the claim.

The subcontract is unambiguous as to Coyne's obligations to obtain insurance in its own right, and to hold Structure Tone harmless. There is no language in the subcontract obligating Coyne additionally to "provide insurance covering Structure Tone" *(see, Bishop v Port Auth.,* 170 AD2d 565, *lv denied* 78 NY2d 858; *cf., Kinney v Lisk Co.,* 76 NY2d 215), notwithstanding the dubious reference to Structure Tone, in the certificate of insurance, as an "ADD'L INSURED".

It was error to permit an amended pleading under such circumstances, which would allow the issue of insurance coverage to be brought before the triers of fact *(Transamerica Ins. Co. v Tolis Inn,* 129 AD2d 512). Concur—Sullivan, J. P., Wallach, Kupferman and Nardelli, JJ.