■ PAUL MACRI, Plaintiff, v PARK SOUTH ASSOCIATES et al., Defendants. PARK SOUTH ASSOCIATES et al., Third-Party Plaintiffs-Appellants, v G.M. CROCETTI, INC., et al., Third-Party Defendants-Respondents. PARK SOUTH ASSOCIATES, INC., et al., Second Third-Party Plaintiffs-Appellants, v V.A.L. FLOORS, INC., et al., Second Third-Party Defendants-Respondents, et al., Second Third-Party Defendant. [604 NYS2d 92] —Order, Supreme Court, New York County (Burton Sherman, J.), entered on or about March 12, 1992, which denied third-party plaintiffs-appellants' motion for summary judgment against certain third-party defendants for contractual indemnification, unanimously affirmed, with costs.

A jury having determined that third-party plaintiffs, the owner and general contractor of the construction site, were actively negligent in contributing to plaintiff worker's injuries, they cannot rely on the various subcontractors' agreement to indemnify them, since it is well settled that General Obligations Law § 5-322.1 precludes a contractor from obtaining contractual indemnity to the extent that its own negligence caused an injury (Walsh v Morse Diesel, 143 AD2d 653, 655). We reject third-party plaintiffs' argument that the indemnity clause at issue must be construed as requiring the subcontractors to indemnify against losses attributable to an insurer's failure to honor general liability insurance actually procured by the subcontractors in their favor.

Moreover, as the IAS Court found, third-party plaintiffs failed to adduce evidence of a breach of an enforceable contractual undertaking to procure general liability insurance,

arising under contractual provisions separate from the indemnity clause referred to above. We would also note that the third-party claims are still pending, and that nothing in the present record forecloses further proceedings with regard to whether there was a breach of an agreement to obtain insurance in favor of third-party plaintiffs. Concur—Carro, J. P., Rosenberger, Ellerin and Asch, JJ.