■ FRANK MANGANO, Respondent, v AMERICAN STOCK EXCHANGE, INC., et al., Respondents. (And a Third-Party Action.) AMERICAN STOCK EXCHANGE, INC., Fourth-Party Plaintiff-Respondent, v CSR CONSTRUCTION CORP., Fourth-Party Defendant-Appellant. [651 NYS2d 494] —Order, Supreme Court, New York County (Beverly Cohen, J.), entered on or about

March 31, 1995, which, *inter alia*, granted the motion of fourth-party plaintiff American Stock Exchange ("ASE") for summary judgment on its claim against CSR Construction Corp. ("CSR") for indemnification, unanimously modified, on the law, to delete that portion of the order which based CSR's liability on a contractual obligation to procure insurance coverage for ASE, and to grant ASE full indemnification both under the hold harmless provisions of its contract with CSR and under the common law, and otherwise affirmed, without costs.

Although the contract between the parties clearly provided that fourth-party defendant CSR would obtain insurance for ASE in connection with the subject construction project, and that it would hold ASE harmless, the contract did not specifically obligate CSR to provide insurance which would actually name ASE as an insured. We therefore find that the IAS Court erred in finding that CSR was liable to ASE for failing to procure such insurance (*see, Public Adm'r v Equitable Life Assur. Socy.*, 198 AD2d 105, 106).

Nevertheless, we find that ASE's motion for summary judgment on its claim for indemnification should be granted in full in the event it is held liable to plaintiff.

An owner of premises who is held liable based solely on its status as owner pursuant to the absolute liability provided for in Labor Law § 240 (1) is entitled to both common law and, if it has been agreed to, contractual indemnification (*Kelly v Diesel Constr. Div.*, 35 NY2d 1, 6-7; *Carr v Perl Assocs.*, 201 AD2d 296). However, such indemnification will not lie where the basis for the owner's liability is to some degree also predicated upon its own conduct, i.e., where the owner actually controlled or supervised the worksite or where its own negligence contributed to the harm.

Here, ASE in moving for summary judgment set forth its status as the owner of the premises that did not control or supervise the worksite and the indemnity provision in its agreement with CSR. The only showing of any involvement by ASE's employee was that he occasionally walked through the site to inspect the work and converse with the supervisors and once or twice a month made arrangements with contractors concerning delivery of materials. This participation was inadequate to establish the type of control by ASE that would preclude indemnification (*see, Curtis v 37th St. Assocs.*, 198 AD2d 62, 63).

Nor was any evidence presented on the motion indicating the existence of a factual issue as to any possible negligence by ASE that contributed to the accident. It is undisputed that the

obligation to furnish all of the tools and equipment to be used on the project rested upon CSR. In the absence of any showing that ASE supplied the ladder or knew, or should have known, of any defect therein, the mere possibility that the ladder in question may have belonged to ASE would be insufficient to raise an issue of fact as to any possible negligence on the part of ASE. Concur—Rosenberger, J. P., Ellerin, Ross, Nardelli and Mazzarelli, JJ.