■ MOUNT VERNON FIRE INSURANCE COMPANY, Respondent, v LEVI TIMM, Defendant, and CHADWICK LUNDY et al., Appellants. [655 NYS2d 611] —In an action for a judgment declaring that the plaintiff Mount Vernon Fire Insurance Company is not obligated to defend and indemnify the defendant Levi Timm in an action to recover damages for personal injuries brought against Timm by Chadwick Lundy, as father and natural guardian of Cipriana Lundy, and Chadwick Lundy, individually, the appeal, as limited by the appellants' brief, is

from so much of an order of the Supreme Court, Kings County (Vinik, J.), dated May 23, 1996, as granted the renewed motion of Mount Vernon Fire Insurance Company for summary judgment declaring that it has no obligation to defend or indemnify Timm in the underlying action.

Ordered that the order is affirmed insofar as appealed from, with costs.

The denial of a prior motion for summary judgment did not bar consideration of the plaintiff's subsequent renewed motion for the same relief. We are cognizant of the principle that multiple summary judgment motions in the same action are generally disfavored (see, e.g., Detko v McDonald's Rests., 198 AD2d 208, 209; Rose v La Joux, 93 AD2d 817, 818). However, under the circumstances of this case, the Supreme Court did not improvidently exercise its discretion in entertaining the plaintiff's motion (see, Detko v McDonald's Rests., supra).

In denying the prior motion for summary judgment, the court concluded that there was an issue of fact as to whether the insured's policy contained a condition requiring the insured to give written notice of the accident to the insurance carrier as soon as practicable.

In granting the renewed motion for summary judgment, the court noted that even "where the policy is silent, the law implies a duty to give timely notice within a reasonable time" (Thomson v Port Auth., 217 AD2d 495, 497; see, Ell Dee Clothing Co. v Marsh, 247 NY 392, 396; Guadagno v Colonial Coop. Ins. Co., 101 AD2d 947; Olin Corp. v Insurance Co., 743 F Supp 1044, 1053, affd 929 F2d 62). Here, notice was only received by the insurance carrier over three years after the accident, and nearly one and one-half years after the insured received notice of the claim from the appellants' lawyer. We agree with the Supreme Court that the notice was not given within a reasonable time, as a matter of law (see, Shaw Temple A.M.E. Zion Church v Mount Vernon Fire Ins. Co., 199 AD2d 374, 375; Structure Tone v Zurich Ins. Co., 193 AD2d 554; Matter of State Farm Mut. Ins. Co. v Pizzonia, 147 AD2d 703). O'Brien, J. P., Ritter, Krausman and Goldstein, JJ., concur.