■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GEORGE JONES, Also Known as CHARLES FIGUEROA DONES, Also Known as CHARLES A. FIGUEROA JONES, Also Known as GEORGE A. FIGUEROA, Appellant. [656 NYS2d 611] — Judgment, Supreme Court, New York County (Marcy Kahn, J.), rendered May 6, 1994, convicting defendant, after a jury trial, of criminal possession of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of 5 to 10 years, unanimously affirmed.

The trial court properly modified its original *Sandoval* ruling. Defendant's direct testimony at trial that he was "just" a drug user was misleading under the circumstances, and conveyed the impression that he was not a seller, thereby opening the door to inquiry into his prior conviction for an attempted sale (*see, People v Santiago*, 169 AD2d 557, *lv denied* 77 NY2d 1000). We have considered defendant's remaining arguments and find them to be without merit. Concur— Ellerin, J. P., Rubin, Williams and Tom, JJ.

■ CARLOS ZAVALA et al., Plaintiffs, v THESO CORP., Defendant and Third-Party Plaintiff-Appellant. NEW YORK PLUMBING AND HEATING, Also Known as DAY AND NIGHT HEATING AND PLUMBING, Third-Party Defendant-Respondent. [656 NYS2d 612] —Order, Supreme Court, New York County (Carol Arber, J.), entered August 22, 1996, which, in an action pursuant to Labor Law § 240 (1), insofar as appealed from as limited by third-party plaintiff owner's brief, denied its cross motion for summary judgment on its cause of action for indemnification against third-party defendant contractor, plaintiff's employer, unanimously affirmed, without costs.

We agree that no issue of fact exists as to the owner's lack of supervision or control over the worksite. Nevertheless, summary judgment was properly denied on the owner's common-law indemnification claim against plaintiff's employer because issues of fact do exist as to whether the pipe on which the ladder was placed was loose or otherwise unsuited to support the ladder; if so, whether the owner's handyman, who showed plaintiff the leaking pipe that needed repair, warned plaintiff of this danger; and, if not, whether such failure to warn was negligent and contributed to the injuries (*see, Mangano v American Stock Exch.*, 234 AD2d 198). Given plaintiff's deposition testimony that he felt the ladder move across the pipe just before he fell, it was the owner's burden on its cross motion to come forward with evidence that the pipe could be safely used to prop up the ladder, not the employer's burden to come forward with evidence that it could not be so used (*Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853). Concur—Ellerin, J. P., Rubin, Williams and Tom, JJ.