■ CESARE TRAPANI, Plaintiff, v 10 ARIAL WAY ASSOCIATES et al., Defendants and Third-Party Plaintiffs-Respondents, and

P & W ELECTRONICS, INC., et al., Appellants. ASSURANCE COMPANY OF AMERICA, Third-Party Defendant-Appellant, et al., Third-Party Defendant. [755 NYS2d 396] —In an action to recover damages for personal injuries and two related third-party actions, inter alia, for judgments declaring that the defendant third-party plaintiff, 10 Arial Way Associates, and the defendant second third-party plaintiff, The Marcus Organization, Inc., respectively, were additional insureds under an insurance policy issued by the Assurance Company of America to P & W Electric, Inc., the defendant third-party defendant/second third-party defendant P & W Electric, Inc., sued herein as P & W Electronics, Inc., appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (M. Garson, J.), dated July 25, 2001, as denied those branches of the joint motion made by it and the third-party defendant/second third-party defendant Pollari Electricians which were for summary judgment dismissing the causes of actions of the third-party complaint and the second third-party complaint for declarations that the third-party plaintiff and the second third-party plaintiff were additional insureds under the insurance policy, and to vacate the report of a referee (Silverman, J.H.O.), dated March 14, 2001, which, after a hearing, found that the third-party plaintiff and the second third-party plaintiff were additional insureds under the insurance policy, and granted the cross motion of the third-party plaintiff, and the separate cross motion of the second third-party plaintiff, to confirm the referee's report and for summary judgment on those causes of actions, the third-party defendant/second third-party defendant Assurance Company of America separately appeals, as limited by its brief, from so much of the same order as denied its motion for summary judgment dismissing those causes of actions and to vacate the referee's report and granted the cross motions, and the third-party defendant/second third-party defendant Pollari Electricians appeals from the same order.

Ordered that the appeal by Pollari Electricians is dismissed as abandoned (see 22 NYCRR 670.8 [c], [e]); and it is further,

Ordered that the order is reversed insofar as appealed from by P & W Electric, Inc., sued herein as P & W Electronics, Inc., and Assurance Company of America, on the law, those branches of the joint motion of P & W Electric, Inc., sued herein as P & W Electronics, Inc., and Pollari Electricians which were for summary judgment dismissing the causes of actions of the third-party complaint and the second third-party complaint for declarations that the third-party plaintiff and the second third-party plaintiff were additional insureds under the insurance

policy and to vacate the referee's report are granted, the motion of Assurance Company of America is granted, the cross motions are denied, the report of the referee is vacated, and the matter is remitted to the Supreme Court, Kings County, for the entry of a judgment declaring that 10 Arial Way Associates and The Marcus Organization, Inc., are not entitled to insurance coverage as additional insureds under the policy issued by the Assurance Company of America to P & W Electric, Inc., sued herein as P & W Electronics, Inc.; and it is further,

Ordered that one bill of costs is awarded to Assurance Company of America and P & W Electric, Inc., sued herein as P & W Electronics, Inc.

The plaintiff, Cesare Trapani, an employee of P & W Electric, Inc., sued herein as P & W Electronics, Inc. (hereinafter P & W), was injured on December 20, 1997, while performing electrical work at a construction site owned by 10 Arial Way Associates (hereinafter 10 Arial Way). The Marcus Organization, Inc., was the property manager for the premises, and allegedly served as the general contractor and hired P & W to do the electrical work. The plaintiff commenced this action to recover damages for personal injuries against, among others, 10 Arial Way and The Marcus Organization, Inc., both of which commenced separate third-party actions against Assurance Company of America (hereinafter Assurance) and P & W seeking defense and indemnification as additional named insureds under a general liability insurance policy that Assurance issued to P & W.

The policy issued by Assurance to P & W stated that it provided additional insurance for: "Any person or organization * * * which requires in a 'work contract' that such person or organization be made an insured under this policy."

In this case, the "work contract" consisted of a one-page "Quotation" to do electrical work that P & W submitted to 10 Arial Way and The Marcus Organization, Inc., which they accepted by signing at the bottom. In addition, the following phrase appeared at the bottom of the "Quotation": "General liability & workers compensation insurance certificates to follow." No other reference to insurance requirements appears in the document.

The issue of insurance coverage was referred to a Judicial Hearing Officer (hereinafter JHO), who, after a hearing, concluded that 10 Arial Way and The Marcus Organization, Inc., were named additional insureds under the policy issued by Assurance to P & W. The Supreme Court denied summary judgment in favor of Assurance and P & W, declined to vacate

the JHO's finding, and granted the motions of 10 Arial Way and The Marcus Organization, Inc., for summary judgment in their favor and to confirm the JHO's finding.

A provision in a construction contract cannot be interpreted as requiring the procurement of additional insured coverage unless such a requirement is expressly and specifically stated. In addition, contract language that merely requires the purchase of insurance will not be read as also requiring that a contracting party be named as an additional insured (*see Mangano v American Stock Exch.*, 234 AD2d 198, 199; *Public Adm'r of Bronx County v Equitable Life Assur. Socy. of U.S.*, 198 AD2d 105, 106; *Bishop v Port Auth. of N.Y. & N.J.*, 170 AD2d 565, 567).

A plain reading of the phrase that appears in the "work contract" shows that it does not pertain in any way to additional insured coverage. Indeed, those words were never used, and 10 Arial Way and The Marcus Organization, Inc., were never mentioned. The phrase simply requires P & W to provide a certificate of insurance showing that P & W had both liability and workers' compensation coverage (*see Kirkpatrick v Diversified Sports,* 216 AD2d 892, 893; *American Home Assur. Co. v Mainco Contr. Corp.,* 204 AD2d 500, 501).

Moreover, a certificate of insurance which expressly states that it is "a matter of information only and confers no rights upon the certificate holder," as does the certificate in this case, is insufficient, by itself, to show that such insurance has been purchased (*see Penske Truck Leasing Co. v Home Ins. Co.,* 251 AD2d 478, 479; *American Ref-Fuel Co. of Hempstead v Resource Recycling,* 248 AD2d 420, 423; *McGill v Polytechnic Univ.,* 235 AD2d 400, 402; *Armstrong v Ogden Allied Facilities Mgt. Corp.,* 234 AD2d 235, 236; *Horn Maintenance Corp. v Aetna Cas. & Sur. Co.,* 225 AD2d 443, 444).

In view of our determination, we need not reach the parties' remaining contentions.

Since the third-party actions sought declaratory relief, the matter must be remitted to the Supreme Court, Kings County, for the entry of judgments in those actions declaring that 10 Arial Way Associates and The Marcus Organization, Inc., are not entitled to insurance coverage as additional insureds under the policy issued by the Assurance Company of America to P & W Electric, Inc., sued herein as P & W Electronics, Inc. (*see Lanza v Wagner,* 11 NY2d 317, 334, *appeal dismissed* 371 US 74, *cert denied* 371 US 901). Santucci, J.P., Krausman, Crane and Mastro, JJ., concur.