■ 140 BROADWAY PROPERTY et al., Respondents, v SCHINDLER ELEVATOR COMPANY, Defendant, and ZURICH AMERICAN INSURANCE COMPANY, Appellant. [901 NYS2d 292]—

In an action, inter alia, for a judgment declaring that the defendant Zurich American Insurance Company is obligated to defend and indemnify the plaintiffs in an underlying action entitled *Ugur v 140 Broadway Property, LLC,* pending in the Supreme Court, Kings County, under index No. 25238/05, as an additional insured under a certain policy of insurance issued by the defendant Zurich American Insurance Company to the defendant Schindler Elevator Company, the defendant Zurich American Insurance Company appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Schmidt, J.), dated January 9, 2009, as denied its cross motion for summary judgment declaring that it is not obligated to defend and indemnify the plaintiffs in the underlying action.

Ordered that the order is reversed insofar as appealed from,

on the law, with costs, the cross motion of the defendant Zurich American Insurance Company for summary judgment declaring that it is not obligated to defend and indemnify the plaintiffs in the underlying action is granted, and the matter remitted to the Supreme Court, Kings County, for the entry of an appropriate declaratory judgment.

The plaintiffs 140 Broadway Property and MSDW 140 Broadway Property, LLC (hereinafter together 140 Broadway), and their insurance company American Home Assurance Company, commenced this action for a judgment declaring that the defendant Zurich American Insurance Company (hereinafter Zurich) is obligated to defend and indemnify them as an additional insured under a general liability insurance policy issued by Zurich to the defendant Schindler Elevator Company (hereinafter Schindler) in an underlying personal injury action brought against 140 Broadway. The general liability insurance policy issued by Zurich to Schindler contained an additional insured endorsement which provided coverage to any entity Schindler had agreed by written contract to insure. According to the plaintiffs, their contract with Schindler required Schindler to obtain insurance coverage naming them as an additional insured. After the completion of discovery, the plaintiffs moved and Zurich cross-moved for summary judgment. By order dated January 9, 2009, the Supreme Court denied the motion and the cross motion.

Zurich established its prima facie entitlement to judgment as a matter of law by demonstrating that the plaintiffs do not qualify for additional insured status under the Zurich policy issued to Schindler, where the written contract between Schindler and 140 Broadway did not require Schindler to name 140 Broadway as an additional insured on its general liability coverage, as required by the Zurich policy. It is well settled that whether a third party is an additional insured under a policy is determined "from the intention of the parties to the policy, as determined from the four corners of the policy itself" (*I.S.A. In N.J. v Effective Sec. Sys.*, 138 AD2d 681, 682 [1988]). In the instant matter, the blanket additional insured endorsement in the Zurich general liability policy extends coverage to any entity "for whom the named insured [Schindler] has specifically agreed by written contract to procure bodily injury, property damage and personal injury liability insurance." Although the written contract between 140 Broadway and Schindler, the primary insured, requires Schindler to purchase several forms of insurance coverage, it does not expressly state that Schindler is required to name 140 Broadway as an additional insured on its

general liability coverage. Consequently, the plain language of the written contract cannot be read to require Zurich to defend and indemnify 140 Broadway as an additional insured under the general liability policy issued to Schindler (*see Trapani v 10 Arial Way Assoc.*, 301 AD2d 644, 647 [2003]; *see also School Constr. Consultants, Inc. v ARA Plumbing & Heating Corp.*, 63 AD3d 1029, 1030 [2009]; *Mangano v American Stock Exch.*, 234 AD2d 198, 199 [1996]; *Public Adm'r of Bronx County v Equitable Life Assur. Socy. of U.S.*, 198 AD2d 105, 106 [1993]; *Bishop v Port Auth. of N.Y. & N.J.*, 170 AD2d 565, 567 [1991]).

In opposition, the plaintiffs failed to raise a triable issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). Contrary to their contentions, the language of the Zurich policy is not ambiguous. In this regard, the question of whether an insurance policy is ambiguous is a matter of law to be determined by the court (*see Breed v Insurance Co. of N. Am.*, 46 NY2d 351, 355 [1978]; *see also Mount Vernon Fire Ins. Co. v Creative Hous.*, 88 NY2d 347, 352 [1996]). Accordingly, the Supreme Court should have granted Zurich's cross motion for summary judgment.

Since this is a declaratory judgment action, we remit the matter to the Supreme Court, Kings County, for the entry of a judgment declaring that Zurich is not obligated to defend and indemnify the plaintiffs in the underlying action (*see Lanza v Wagner*, 11 NY2d 317, 324 [1962], *appeal dismissed* 371 US 74 [1962], *cert denied* 371 US 901 [1962]). Fisher, J.P., Leventhal, Belen and Sgroi, JJ., concur.