Temple Beth Shalom Found., Inc. v T.G. Nickel & Assoc., Inc. (2018 NY Slip Op 05791)





Temple Beth Shalom Found., Inc. v T.G. Nickel & Assoc., Inc.


2018 NY Slip Op 05791


Decided on August 15, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 15, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
ROBERT J. MILLER
COLLEEN D. DUFFY
HECTOR D. LASALLE, JJ.


2016-03949
 (Index No. 11335/11)

[*1]Temple Beth Shalom Foundation, Inc., et al., appellants,
v
T.G. Nickel & Associates, Inc., defendant, Liberty International Underwriters, Inc., etc., respondent.


Marshall, Conway & Bradley P.C., New York, NY (Christopher T. Bradley and David A. Richman of counsel), for appellants.
Rivkin Radler, LLP, Uniondale, NY (M. Paul Gorfinkel and Frank Misti of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, for a judgment declaring that Liberty International Underwriters, Inc., is obligated to defend and indemnify Temple Beth Sholom Foundation, Inc., in an underlying action entitled Duran v Temple Beth Sholom, Inc., pending in the Supreme Court, Nassau County, under Index No. 018173/10, the plaintiffs appeal from an order of the Supreme Court, Nassau County (George R. Peck, J.), dated February 5, 2016. The order granted the motion of Liberty International Underwriters, Inc., for summary judgment declaring that it is not obligated to defend and indemnify Temple Beth Sholom Foundation, Inc., in the underlying action.
ORDERED that the order is affirmed, with costs, and the matter is remitted to the Supreme Court, Nassau County, for the entry of a judgment, inter alia, declaring that Liberty International Underwriters, Inc., is not obligated to defend and indemnify Temple Beth Sholom Foundation, Inc., in the underlying action entitled Duran v Temple Beth Sholom, Inc., pending in the Supreme Court, Nassau County, under Index No. 018173/10.
Temple Beth Sholom Foundation, Inc. (hereinafter Temple), and Philadelphia Indemnity Insurance Company (hereinafter Philadelphia) commenced this action against T.G. Nickel & Associates, Inc. (hereinafter Nickel), and Liberty International Underwriters, Inc. (hereinafter Liberty), inter alia, for a judgment declaring that Liberty is obligated to defend and indemnify Temple in an underlying personal injury action entitled Duran v Temple Beth Sholom, Inc., pending in the Supreme Court, Nassau County, under Index No. 018173/10 (hereinafter the underlying action), and to reimburse Philadelphia for all attorney's fees and expenses incurred in the defense of Temple in the underlying action. The underlying action was commenced by Luis Duran and his wife against, among others, Temple and Nickel, to recover damages for personal injuries that Duran alleged he sustained while he was working at a construction site owned by Temple. As is relevant to the underlying action, Temple had contracted with Nickel to provide construction management services at the site. Nickel then subcontracted with Duran's employer, Boyle Services, Inc. (hereinafter Boyle). During the trial in the underlying action, the court granted Nickel's motion [*2]pursuant to CPLR 4401 for judgment as a matter of law dismissing the complaint insofar as asserted against it on the ground that the work Duran was performing at the time he was injured fell outside the scope of Nickel's contracts with Temple and Boyle.
Although Nickel's contract with Temple required Nickel to procure liability insurance, the contract expressly provided that Nickel was not required to include Temple as an additional insured on the liability insurance policy. Prior to the commencement of the underlying action, Philadelphia had issued a commercial general liability policy of insurance to Temple, and Liberty had issued a commercial general liability policy of insurance to Nickel (hereinafter the insurance policy). The insurance policy contained an endorsement providing that it was "amended to include as an insured any person or organization with whom [Nickel has] agreed to add as an additional insured by written contract but only with respect to liability arising out of [Nickel's] operations or premises owned by or rented by [Nickel]."
In a letter to Temple in January 2011, Liberty conditionally agreed to accept the defense and indemnification of Temple and expressly reserved the right to disclaim coverage with respect to the underlying action. In May 2014, Liberty informed Temple that it did not qualify as an insured or additional insured under the insurance policy and disclaimed coverage and indemnification. Liberty thereafter moved for summary judgment in this action, and Temple and Philadelphia opposed the motion. In the order appealed from, the Supreme Court granted Liberty's motion for summary judgment declaring that it is not obligated to defend and indemnify Temple in the underlying action. Temple and Philadelphia appeal.
Liberty demonstrated its prima facie entitlement to judgment as a matter of law by establishing that it was not required to defend or indemnify Temple in the underlying action or to reimburse Temple or Philadelphia for defense costs (see Hargob Realty Assoc., Inc. v Fireman's Fund Ins. Co., 73 AD3d 856, 857; 140 Broadway Prop. v Schindler El. Co., 73 AD3d 717, 718). In opposition, Temple and Philadelphia failed to raise a triable issue of fact as to whether Temple was an additional insured under the insurance policy (see Hargob Realty Assoc., Inc. v Fireman's Fund Ins. Co., 73 AD3d at 857; 140 Broadway Prop. v Schindler El. Co., 73 AD3d at 718), or whether Liberty was estopped from disclaiming coverage (see General Acc. Ins. Co. v 35 Jackson Ave. Corp., 258 AD2d 616, 618).
Temple and Philadelphia's remaining contentions are improperly raised for the first time on appeal.
Since this is, in part, an action for a declaratory judgment, we remit the matter to the Supreme Court, Nassau County, for the entry of a judgment, inter alia, declaring that Liberty is not obligated to defend and indemnify Temple in the underlying personal injury action (see 140 Broadway Prop. v Schindler El. Co., 73 AD3d at 719).
LEVENTHAL, J.P., MILLER, DUFFY and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court