JOSEPH M. KOBEE et al., Respondents, v ALMETER BARRY CONSTRUCTION MANAGEMENT, INC., et al., Respondents, and STOCKWELL CONSTRUCTION CO., INC., Appellant and Third-Party Plaintiff. LONE STAR CONSTRUCTION & DEVELOPMENT CORP., Third-Party Defendant-Respondent. [655 NYS2d 222] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Joseph M. Kobee (plaintiff) was injured when struck by a chop saw that fell from a height of approximately 20 feet during construction of the City Centre Plaza in Buffalo. Plaintiff and his wife commenced this action against the property owner, City Centre Development Company (City Centre), the construction manager, Almeter Barry Construction Management, Inc. (Almeter), and a subcontractor, Stockwell Construction Co., Inc. (Stockwell), alleging causes of action for negligence and violation of Labor Law § 240 (1), § 241 (6) and § 200. City Centre asserted cross claims for common-law and contractual indemnification against Almeter and cross claims for common-law indemnification and contribution against Stockwell. Stockwell commenced a third-party action for common-law indemnification against plaintiff's employer, Lone Star Construction & Development Corp. (Lone Star). City Centre also commenced a third-party action against Lone Star, for common-law and contractual indemnification.

Supreme Court granted plaintiffs' motion for partial summary judgment against City Centre and Almeter on the Labor Law § 240 (1) cause of action; granted the cross motion of City Centre for summary judgment on its cross claims for common-law indemnification against Almeter and Stockwell and on its action against Lone Star for common-law and contractual

indemnification; and denied the cross motion of Stockwell for summary judgment dismissing the complaint and cross claims against it. Stockwell contends on appeal that the court erred in denying its cross motion. We agree.

Stockwell, a subcontractor with no authority to supervise or control plaintiff's work, is not liable under Labor Law § 240 (1) or § 241 (6) (*see, Russin v Picciano & Son,* 54 NY2d 311, 318; *Wright v Nichter Constr. Co.,* 213 AD2d 995). Although Stockwell's foreman permitted plaintiff's employer to use the hoist from which the chop saw fell, "[t]he fact that a subcontractor or prime contractor has furnished a tower, scaffold, ladder or some other similar structure does not automatically give it the authority to control the worksite" (*Walsh v Sweet Assocs.,* 172 AD2d 111, 114, *lv denied* 79 NY2d 755; *see, Smith v Cassadaga Val. Cent. School Dist.,* 178 AD2d 955, 956-957). Moreover, because Stockwell did not exercise control over the manner and method of plaintiff's work, there is no basis for the imposition of liability pursuant to Labor Law § 200 (*see, Adamczyk v Hillview Estates Dev. Corp.,* 226 AD2d 1049; *Foster v Joseph Co.,* 216 AD2d 944, 945).

With respect to the negligence cause of action, Stockwell established as a matter of law that its hoist was not defective, and neither plaintiffs nor City Centre raised a triable issue of fact in response thereto (*see, Zuckerman v City of New York,* 49 NY2d 557, 562). Finally, because Stockwell established that it was not responsible for the accident that caused plaintiff's injuries the court erred in granting summary judgment to City Centre on its cross claim for common-law indemnification against Stockwell (*see, Gillmore v Duke/Fluor Daniel,* 221 AD2d 938, 940).

We therefore modify the order by denying that part of the cross motion of City Centre for summary judgment on its cross claim for common-law indemnification against Stockwell and granting the cross motion of Stockwell for summary judgment dismissing the complaint and City Centre's cross claims against it. (Appeal from Order of Supreme Court, Erie County, Mahoney, J.—Summary Judgment.) Present—Denman, P. J., Pine, Doerr, Balio and Fallon, JJ.