■ ROBERT J. VELEZ, Plaintiff, v TISHMAN FOLEY PARTNERS et al., Respondents, and UNIVERSAL BUILDERS SUPPLY, INC., Appellant. (And Other Actions.) [666 NYS2d 591] —Order, Supreme Court, New York County (Leland DeGrasse, J.), entered on or about October 8, 1996, which, insofar as appealed from, (1) denied the cross motion of defendant Universal Builders Supply, Inc. (Universal) for summary judgment dismissing the complaint as against it, (2) granted the cross motion of Tishman Foley Partners (TFP) for summary judgment on its contractual and common-law indemnification cross claims against Universal, and (3) granted the cross motion of the second third-party defendant Glassalum International Corporation (Glassalum) for summary judgment on its common-law indemnification claim against Universal, unanimously modified, on the law, to (1) grant so much of Universal's cross motion for summary judgment dismissing that portion of the complaint claiming a violation by Universal of Labor Law § 240 (1), (2) deny TFP's cross motion for common-law indemnification against Universal, and (3) deny Glassalum's cross motion for common-law indemnification against Universal, and otherwise affirmed, without costs.

The plaintiff, an ironworker in the employ of Diamond International, Inc. (Diamond), was injured when the cross-bracing of a hoist tower gave way beneath him as he attempted to climb down the hoist tower to the ground from steel beams on which he was working. TFP, the owner of the premises and the general contractor, had entered into a subcontract with Universal for the construction of, *inter alia*, hoist towers and scaffolding. TFP had also entered into a subcontract with Glassalum to erect the exterior walls of the building and Glassalum, in turn, had subcontracted its work to plaintiff's employer, Diamond. Glassalum had no employees, workers, foreman or managers at the site.

Contrary to the inferential finding made by the motion court, Universal was not an "agent" within the meaning of Labor

Law § 240 (1), because it did not have any actual or contractually delegated control over the work that plaintiff was performing at the time of the accident (see, *Russin v Picciano & Son*, 54 NY2d 311, 317-318; *Kobee v Almeter Barry Constr. Mgt.*, 237 AD2d 969; *Headen v Progressive Painting Corp.*, 160 AD2d 319). Nor was Universal made an agent within the purview of the statute by reason of its ownership and control over the injury-causing hoist tower (see, *Barker v Menard*, 237 AD2d 839, *lv denied* 90 NY2d 804; *D'Amico v New York Racing Assn.*, 203 AD2d 509; *Walsh v Sweet Assocs.*, 172 AD2d 111, 113-114, *lv denied* 79 NY2d 755). It was therefore error to deny that portion of Universal's cross motion to dismiss insofar as it was directed to the Labor Law § 240 (1) claim against it in the complaint. It was also error to grant the cross motions of TFP and Glassalum for common-law indemnification. While a strong showing was made in the papers pertaining to Universal's negligence, Universal sufficiently raised the existence of possible issues of fact on that question to warrant denial of the motions.

Notwithstanding the foregoing, the Court did properly grant TFP's cross claim against Universal for contractual indemnity. Where an entity is held strictly liable based solely on its status as owner of the premises pursuant to Labor Law § 240 (1), as is here the case with respect to TFP, the owner is entitled to contractual indemnification where such has been agreed to between the parties (see, *Mangano v American Stock Exch.*, 234 AD2d 198). Here, TFP's contract with Universal imposed liability on Universal for "all damages of any kind or nature, including without limitation, damages to persons or property caused by or in connection with its work to the extent permitted by law". In addition, the contract obligated Universal to indemnify TFP from "any and all loss, damages, injury or liability * * * however caused and of whatever nature, arising directly or indirectly from the acts or omissions of [Universal], its agents, employees, vendors or lower-tier subcontractors and their agents or employees, in the performance of the work under this Subcontract".

Since there is no question that plaintiff's accident occurred when the cross-bracing of the hoist tower gave way and that the hoist tower was being erected by Universal at the time of the plaintiff's injuries, the accident came within the parameters of the broadly worded contractual indemnification agreement with Universal, and TFP is entitled to recover thereon irrespective of whether or not the indemnitor, Universal, was negligent (see, *Brown v Two Exch. Plaza Partners*, 76 NY2d

172, 178-179; *Walsh v Morse Diesel,* 143 AD2d 653, 655-656). Contrary to Universal's claim, a finding of TFP's liability to the injured plaintiff predicated upon Labor Law § 240 is not the equivalent of a finding of negligence, and, in the absence of a showing of some negligence on TFP's part beyond the strict statutory liability, as is here the case, enforcement of the contractual indemnification provision does not run afoul of the proscriptions of General Obligations Law § 5-322.1 (*see, Itri Brick & Concrete Corp. v Aetna Cas. & Sur. Co.,* 89 NY2d 786, 795, n 5; *Brown v Two Exch. Plaza Partners, supra,* 76 NY2d, at 178-181; *Walsh v Morse Diesel, supra,* 143 AD2d, at 656). Concur—Murphy, P. J., Milonas, Ellerin, Andrias and Colabella, JJ.