[693 NYS2d 596]

BENTO CORREIA et al., Respondents, v PROFESSIONAL DATA MANAGEMENT, INC., et al., Appellants, et al., Defendant.

GOTHAM CONSTRUCTION CORP., Third-Party Plaintiff-Appellant, v CREATIVE FINISHES, LTD., Third-Party Defendant-Respondent.

First Department, July 29, 1999

APPEARANCES OF COUNSEL

*Patricia A. Moores* of counsel (*Daniel F. Hayes* and *Peter Hoenig* on the brief; *Biedermann, Hoenig, Massamillo & Ruff, P. C.,* attorneys), for appellants and third-party plaintiff-appellant.

*Paul Biedka* of counsel (*Samuel Hirsch,* attorney), for respondents.

*Kenneth A. Bernstein* of counsel (*Torino & Bernstein, P. C.,* attorneys), for third-party defendant-respondent.

## OPINION OF THE COURT

ELLERIN, P. J.

In this Labor Law § 240 (1) case, issues are raised with respect to the granting of summary judgment to plaintiff worker and the denial of summary judgment to appellant Gotham Construction Corp. (Gotham), the construction manager, on its contractual indemnity claim against its subcontractor Creative Finishes, Ltd. (Creative).

On March 14, 1995, plaintiff, a painter employed by third-party defendant Creative to paint the lobby ceiling of a com-

mercial office building located at 685 Third Avenue in Manhattan, fell from a height of approximately 16 feet, sustaining multiple fractures. The building was owned by defendant Professional Data Management, Inc. (PDM) and managed by defendant Williamson, Picket & Gross, Inc. (WPG). PDM, as owner, had contracted with defendant Gotham for renovation of the premises. Creative was a painting subcontractor retained by PDM through Gotham.

Plaintiffs commenced this action against PDM, Gotham and WPG, alleging negligence and violation of Labor Law §§ 200, 240 and 241. Gotham impleaded Creative for contractual and common-law indemnification. The contract upon which the claim was based provided, in article X, "[Creative] shall hold [Gotham] harmless from all liability, loss, cost or damage, including attorneys' fees, from claims or injuries or death, while on or near the project, of its employees or employees of its subcontractors, or by reason of claims of any person or persons, including [Gotham], for injuries to person or property, occasioned in whole or in part by any act or omission of [Creative], its representatives, employees, subcontractors or suppliers, and whether or not it is contended [Gotham] contributed thereto in part, or was responsible therefor by reason of nondelegable duty. If however, this indemnification is limited by applicable law, then the said indemnification thereby shall be similarly limited to conform with such law, it being the intention that this indemnification shall be as broad as permitted by applicable law," and, in schedule D, "[Creative] to the fullest extent permitted by law hereby indemnifies indemnitees [Gotham and PDM] against and shall hold indemnitees harmless of and from any and/or all damages, losses, or expenses, including but not limited to, attorney's fees * * *. As to any particular Indemnitee, this Indemnity Agreement covers Loss whether or not caused or claimed to have been caused in part (but not solely) by the negligence of said Indemnitee."

Plaintiffs moved for partial summary judgment against defendants under Labor Law § 240, the "scaffold law." Gotham opposed the motion and cross-moved for summary judgment on its common-law and contractual indemnification claims against Creative, arguing that issues of fact remained as to whether plaintiff was a recalcitrant worker, precluding summary judgment on plaintiff's Labor Law claim, and that Creative was ob-

ligated to contractually indemnify it and was not barred from doing so by General Obligations Law § 5-322.1.*

The court granted plaintiffs' motion for partial summary judgment and denied Gotham's motion for indemnification without prejudice to renew, holding that "movant has failed to sustain its burden of demonstrating that no triable issues of fact exist as to whether it directed, managed, supervised, controlled the work at any time or as to whether Gotham erected the scaffolding in a negligent manner * * * Under such circumstances, the further issue of whether the full enforcement of Gotham's indemnification claims would result in its being indemnified for its negligence also prevents a grant of the relief requested at this time."

We affirm.

█ Labor Law § 240 imposes upon owners and contractors a nondelegable duty to provide proper and adequate safety devices to afford proper protection to those working on a building or structure subject to elevation-related hazards (*Gordon v Eastern Ry. Supply*, 82 NY2d 555). Any breach of the statute will impose absolute liability upon the owner and general contractor (*Bland v Manocherian*, 66 NY2d 452). Courts, however, have provided defendants with the recalcitrant worker defense, which "requires a showing that the injured worker refused to use the safety devices that were provided by the owner or employer." (*Stolt v General Foods Corp.*, 81 NY2d 918, 920.)

Here, plaintiff submitted proof in admissible form that he was engaged in painting a 16-foot-high ceiling while atop a steel canopy covered with wooden planks when one plank gave way, plunging him to the ground, and that the injuries he sustained were proximately caused by defendants' failure to take necessary steps to comply with their nondelegable obligation under section 240 (1) to furnish necessary equipment "so constructed, placed and operated as to give proper protection" to him, making them absolutely liable under Labor Law § 240 (1) (*Garcia v 1122 E. 180th St. Corp.*, 250 AD2d 550).

Defendants' recalcitrant worker defense was properly dismissed in the absence of any evidence tending to show that plaintiff, who fell from an elevated platform that he describes as a "fixed scaffold" and other witnesses describe as a "canopy" with wooden planks on top, was ever instructed to use a rolling scaffold and extension ladder and refused to do so (*id.*).

---

* This statute provides, in pertinent part, that an agreement "purporting to indemnify or hold harmless the promisee against liability for damage * * * contributed to, caused by or resulting from the negligence of the promisee * * * whether such negligence be in whole or in part, is against public policy and is void and unenforceable." (§ 5-322.1 [1].)

██ With respect to its claim for contractual indemnity, Gotham argues that any question of its negligence is irrelevant since its liability under Labor Law § 240 (1) is statute-based, not fault-based, and therefore it is, by that reason alone, entitled to recover under the indemnity contract with its subcontractor Creative. While a party who has been held liable to an injured worker *solely* on the basis of the statutory liability imposed by section 240 (1), without any fault on its part, is entitled to recover under a contract of indemnity (*see, Brown v Two Exch. Plaza Partners*, 76 NY2d 172), that is not the situation here present where questions of fact exist, as to, *inter alia*, whether Gotham erected the "fixed scaffold" from which plaintiff fell; if so, whether it did so negligently; and, if not, whether it was aware of workers' use of the canopy as a scaffold and failed to take reasonable steps to prevent it.

Appellant's attempted reliance on this Court's decision in *Velez v Tishman Foley Partners* (245 AD2d 155) is unavailing and based upon a misreading of that decision. In *Velez*, the owner's liability to the injured plaintiff was based solely on its statutory liability under Labor Law § 240 (1) with no factual showing whatsoever of any negligence on its part beyond the statutory liability, in distinction to the showing made here raising questions of fact as to Gotham's negligence distinct from its statutory liability. As was made clear in *Velez (supra,* at 156-157), under the broadly worded indemnity provisions there in issue (similar to those in the present case), once the owner was shown to be liable solely on the basis of the statute, it became entitled to indemnity irrespective of whether or not the subcontractor, the indemnitor, was negligent (citing *Brown v Two Exch. Plaza Partners, supra,* at 178-179; *Walsh v Morse Diesel*, 143 AD2d 653, 655-656). Thus, contrary to Gotham's assertion, it is the indemnitor's negligence that is irrelevant in the context of contractual indemnity, while the negligence of the indemnitee—i.e., one in Gotham's position—is critical and, if established, would fall afoul of General Obligations Law § 5-322.1. Indeed, even if the contract in issue could be construed as contemplating partial indemnification because of its alternative limiting language to conform to "applicable law" (*see, Itri Brick & Concrete Corp. v Aetna Cas. & Sur. Co.*, 89 NY2d 786, 795), summary judgment would in any event be premature since no allocation could be made until the factual issue as to whether Gotham was negligent, and if so, to what extent, has been determined. It should be noted, moreover that the validity of partial indemnity agreements appears still to be unsettled (*Itri Brick & Concrete Corp. v Aetna Cas. & Sur. Co., supra,* at 796).

Appellant Gotham also misconstrues the significance in *Velez (supra)* of the granting of summary judgment to the owner on

its claim for contractual indemnity against the subcontractor-indemnitor, while denying its claim for common-law indemnity against the subcontractor. Since the decision clearly states that summary judgment was denied on the common-law claim because there was a question of fact as to the negligence of the proposed indemnitor, Gotham distorts this to somehow mean that the question of the owner-indemnitee's negligence was also put into issue.

That summary judgment was granted on the contractual indemnity claim but not on the common-law claim between the same two parties is not at all inconsistent. In contractual indemnification, the one seeking indemnity need only establish that it was free from any negligence and was held liable solely by virtue of the statutory liability. Whether or not the proposed indemnitor was negligent is a non-issue and irrelevant (*Brown v Two Exch. Plaza Partners, supra*). In distinction, in the case of common-law indemnification, the one seeking indemnity must prove not only that it was not guilty of any negligence beyond the statutory liability but must also prove that the proposed indemnitor was guilty of some negligence that contributed to the causation of the accident for which the indemnitee was held liable to the injured party by virtue of some obligation imposed by law, such as the nondelegable duty imposed by Labor Law § 240 (1) (*see, McDermott v City of New York*, 50 NY2d 211).

In the instant case, since Gotham, the party seeking contractual indemnity, failed to establish as a matter of law its own freedom from any negligence beyond the statutory liability, the motion court properly denied its motion for summary judgment on that claim.

Accordingly, the order of the Supreme Court, Bronx County (Lottie Wilkins, J.), entered January 15, 1998, which granted plaintiff laborer's motion for partial summary judgment on the issue of liability on his cause of action under Labor Law § 240 (1), and denied third-party plaintiff construction manager's cross motion for summary judgment on its cause of action against plaintiff's employer, subcontractor, for contractual indemnification, and order (denominated interlocutory judgment), same court and Justice, entered August 7, 1998, which granted the same relief as the above order, should be affirmed, with costs.

NARDELLI, WILLIAMS and ANDRIAS, JJ., concur.

Order, Supreme Court, Bronx County, entered January 15, 1998, and order (denominated interlocutory judgment), same court, entered August 7, 1998, affirmed, with costs.