■ STEVEN BOULUKOS et al., Appellants, v 213 P.A.S., L.L.P., Respondent. (And a Third-Party Action.) 213 P.A.S., L.L.P., Second Third-Party Plaintiff-Respondent, v CITY SCAFFOLDING CORP., Second Third-Party Defendant-Respondent. STEVEN BOULUKOS et al., Plaintiffs, v 213 P.A.S., L.L.P., Defendant. (And a Third-Party Action.) 213 P.A.S., L.L.P., Second Third-Party Plaintiff-Respondent, v CITY SCAFFOLDING CORP., Second Third-Party Defendant-Appellant. [776 NYS2d 567]—

Order, Supreme Court, New York County (Leland DeGrasse, J.), entered on or about July 7, 2003, which, in an action by a

laborer against a building owner for personal injuries sustained in a fall from a scaffold, granted the owner's motion to set aside the verdict to the extent of directing a new trial on the issue of damages unless plaintiff stipulated to reduce the jury award for future pain and suffering of $2,302,632 over 35 years to $960,000 over 35 years, unanimously modified, on the law and the facts, to increase the amount to which plaintiff must stipulate to avoid a new trial to $1.5 million, and otherwise affirmed, without costs. Order, same court (Diane A. Lebedeff, J.), entered November 1, 2002, which, insofar as appealed from, denied third-party defendant scaffolding company's motion for summary judgment dismissing the owner's claim for common-law indemnification against it, unanimously affirmed, without costs. Appeal from order, same court (Diane A. Lebedeff, J.), entered March 10, 2003, which denied the scaffolding company's motion to reargue its motion to dismiss the owner's claim for common-law indemnification, unanimously dismissed, without costs, as taken from a nonappealable order. Order, same court (Leland DeGrasse, J.), entered September 10, 2003, which, after a jury trial solely on the owner's claim for common-law indemnification against the scaffolding company, directed that a judgment be entered for "full common law indemnification," unanimously affirmed, without costs.

The scaffolding company's motion for summary judgment was properly denied on the ground that there were issues of fact as to whether its construction of the scaffold was negligent, and, if so, whether such negligence caused the perimeter barricade of the scaffold to give way as plaintiff leaned over it. The scaffolding company's freedom from negligence was not demonstrated, as a matter of law, by the fact that nine months before the accident it had rented the scaffold to the site's general contractor, plaintiff's employer (see Odom v Bridge View II Co., 291 AD2d 280 [2002]). The jury's verdict, which determined that the scaffolding company was negligent and that its negligence was a substantial factor in bringing about the accident, is supported by the weight of the evidence, including the unrebutted testimony of the owner's safety construction expert, and the testimony of the scaffolding company's witness that the scaffolding company inspected the scaffold periodically and that, barring a hurricane, the perimeter barricade should not have blown off and should not have come apart if it had been properly constructed. The trial court also properly denied the scaffolding company's preverdict motion to place plaintiff's employer on the verdict sheet solely for the purpose of deciding whether there was another tortfeasor. Such motion was based on the incorrect premise that common-law indemnification cannot be

awarded if plaintiff's employer was negligent to any extent (*see* *Correia v Professional Data Mgt.*, 259 AD2d 60, 65 [1999]). The award for future pain and suffering, as reduced by the trial court, deviates materially from what is reasonable compensation for ankle injuries of this magnitude. Concur—Tom, J.P., Andrias, Sullivan, Ellerin and Williams, JJ.