■ ALGON WALKER et al., Plaintiffs, v ROME CONSTRUCTION CORPORATION et al., Appellants, and EMPIRE TRANSIT MIX, INC., Respondent. [785 NYS2d 66]—

Order, Supreme Court, Bronx County (Betty Owen Stinson, J.), entered August 6, 2003, which, to the extent appealed from as limited by the briefs, granted the motion of defendant Empire Transit Mix (Empire) for summary judgment dismissing appellants' cross claims seeking common-law indemnification from Empire, unanimously affirmed, without costs.

Plaintiff construction workers allegedly sustained chemical burns while pouring a concrete floor at a work site owned by defendant-appellant 122 West 21st Street, LLC, and managed by defendant-appellant Rome Construction Corporation. Plaintiffs were employed by a subcontractor that had been retained to pour the concrete floors, and that subcontractor purchased the concrete used for that purpose from defendant-respondent Empire. Inasmuch as there was no evidence that plaintiffs' harm was attributable to negligence on Empire's part, no triable issue was raised to sustain appellants' cross claims for common-law indemnification (*see Correia v Professional Data Mgt., Inc.*, 259 AD2d 60, 65 [1999]). It is plain that Empire, which was merely a concrete vendor, had no control over the manner in which plaintiffs poured the concrete, and, accordingly, was not responsible to see that plaintiffs wore appropriate protective wear. While plaintiffs' expert expressed the view that the concrete might have been improperly formulated by Empire, there was no evidentiary basis offered for this supposition. Indeed, the evidence showed that the concrete supplied by Empire had been properly mixed according to specifications furnished by plaintiffs' employer, LaQuila Construction, Inc. Concur—Tom, J.P., Ellerin, Williams, Lerner and Catterson, JJ.