Shelton v Chelsea Piers, L.P. (2023 NY Slip Op 01268)

Shelton v Chelsea Piers, L.P.

2023 NY Slip Op 01268

Decided on March 14, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 14, 2023

Before: Kapnick, J.P., Kern, Gesmer, Singh, Moulton, JJ. 

Index No. 150506/16, 595446/17, 595464/18 Appeal No. 17512 Case No. 2021-00921 

[*1]Michael Shelton, Plaintiff,
v
Chelsea Piers, L.P., et al., Defendants-Respondents, Hudson River Park Trust, Defendant. (And a Third-Party Action.)
Chelsea Piers, L.P., et al., Second Third-Party Plaintiffs-Respondents,
v
The Ceacon Group, Inc., Second Third-Party Defendant, Vachris Engineering, P.C., Second Third-Party Defendant-Appellant. (And a Third Third-Party Action.)

Mound Cotton Wollan & Greengrass, LLP, New York (Barry R. Temkin of counsel), for appellant.
Freehill Hogan & Mahar LLP, New York (John F. Karpousis of counsel), for respondents.

Order, Supreme Court, New York County (Francis A. Kahn III, J.), entered February 25, 2021, which, to the extent appealed from, denied second third-party defendant Vachris Engineering, P.C.'s motion for summary judgment dismissing the second third-party complaint and all cross claims as against it, unanimously modified, on the law, to dismiss the contribution claim, and otherwise affirmed, without costs.
Defendant/second third-party plaintiff Chelsea Pier L.P. is only vicariously liable to plaintiff under Labor Law § 240(1). Therefore, it may seek common-law indemnification from a party whose negligence proximately caused plaintiff's injuries (see Correia v Professional Data Mgt., 259 AD2d 60, 65 [1st Dept 1999]). The court correctly denied Vachris summary judgment dismissing Chelsea's claims for common-law indemnification, as the record raises triable issues of fact as to whether Vachris, as Chelsea's project engineer, was actively negligent in, among other things, reviewing and approving a temporary pier support design, and whether its negligence proximately caused plaintiff's injuries (see Demetro v Dormitory Auth. of the State of N.Y., 170 AD3d 437, 438-439 [1st Dept 2019]; cf. Domenech v Associated Engrs, 257 AD2d 403 [1st Dept 1999]).
However, Chelsea's claim for contribution against Vachris should have been dismissed as Chelsea's liability to plaintiff is only vicarious under Labor Law § 240(1) (see Burgos v 213 W. 23rd Street Group LLC, 48 AD3d 283, 284 [1st Dept 2008][Only "(a) negligent party who is subject to liability under Labor Law § 240 may seek contribution from another party whose culpable fault was also a cause of the injury"] [emphasis added]; Godoy v Abamaster of Miami, 302 AD2d 57, 61-62 [2d Dept 2003] ["Contribution is available where two or more tortfeasors combine to cause an injury and is determined in accordance with the relative culpability of each such person. Where, as here, liability is not based upon culpability, the appropriate concept is indemnification, rather than contribution"] [internal quotation marks and citations omitted], lv dismissed 100 NY2d 614 [2003]). Here, plaintiff's Labor Law § 200 claim has already been dismissed as against Chelsea and no appeal has been taken therefrom. Therefore, there can be no finding of negligence as against Chelsea.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 14, 2023