| **Crotty v City of New York** |
|:---:|
| 2024 NY Slip Op 31751(U) |
| May 21, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 151467/2016 |
| Judge: Lyle E. Frank |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:  **HON. LYLE E. FRANK**

*Justice*

PART 11M

-------------------------------------------------------------------------------X

WILLIAM CROTTY,

Plaintiff,

- v -

THE CITY OF NEW YORK, THE NEW YORK CITY DEPT. OF PARKS AND RECREATION, TRINITY BUILDING AND CONSTRUCTION MANAGEMENT CORP.,

Defendant.

-------------------------------------------------------------------------------X

TRINITY BUILDING AND CONSTRUCTION MANAGEMENT CORP.

Plaintiff,

-against-

HAYWARD BAKER, INC., KINGS CAPITAL CONSTRUCTION GROUP, INC.

Defendant.

-------------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 151467/2016 |
| MOTION DATE | 05/09/2023 |
| MOTION SEQ. NO. | 012 |

**DECISION + ORDER ON MOTION**

Third-Party
Index No. 595258/2016

The following e-filed documents, listed by NYSCEF document number (Motion 012) 357, 358, 359, 360, 361, 362, 363, 364, 365, 366, 367, 368, 369, 370, 371, 372, 373, 374, 375, 379, 391, 395, 400, 424, 429

were read on this motion to/for                    SUMMARY JUDGMENT(AFTER JOINDER           .

Background

This action arises from an incident that occurred on January 5, 2015, at Madison Square

Park, New York, NY. The incident occurred during construction involving the demolition of a

Shake Shack and buildout for a new building. The location was owned by Defendant The City of

New York ("The City") and licensed to Custard's First Stand d/b/a Shake Shack ("Shake

Shack") pursuant to a licensing agreement. Defendant/third-party plaintiff Trinity Building and

**151467/2016   CROTTY, WILLIAM vs. CITY OF NEW YORK**
**Motion No.  012**

Page 1 of 6

Construction Management Corp. ("Trinity") was retained by Shake Shack as the construction manager and general contractor. Trinity retained third-party defendant Kings Capital Construction Group, Inc. ("Kings") to perform excavation work. Kings retained third-party defendant Hayward Baker Inc. ("Hayward") to perform drilling and pile installation on the project site. Plaintiff was an employee of Hayward. On the incident date, Kevin Hawkins, also an employee of Hayward, was operating a drill-rig on the project site. Plaintiff, as foreman, was responsible for directing Hawkins in navigating the drill-rig. While directing Hawkins, plaintiff was standing on a grate which covered a window opening to the basement below. As plaintiff stood on the grate, the track of the drill-rig struck a piece of slate causing the grate to collapse and plaintiff to fall thirteen feet into the basement below.

Subsequently, plaintiff filed a Summons and Complaint on February 23, 2016, alleging common law negligence as well as a violation of Labor Law §240(1), §241(6) and §200 against defendants The City and Trinity. In this motion, third-party defendant Kings seeks an order dismissing Trinity's third-party complaint as against Kings, dismissing Hayward's cross claim against it for common law indemnification and/or contribution, dismissing the City's crossclaims against it for indemnification and/or contribution, and if the Court does not dismiss Trinity's third-party complaint in its entirety, seeks an Order granting Kings contractual indemnification against Hayward.

Standard of Review

It is a well-established principle that the "function of summary judgment is issue finding, not issue determination." *Assaf v Ropog Cab Corp.*, 153 AD2d 520, 544 (1st Dept 1989). As such, the proponent of a motion for summary judgment must tender sufficient evidence to show the absence of any material issue of fact and the right to entitlement to judgment as a matter of

**151467/2016   CROTTY, WILLIAM vs. CITY OF NEW YORK**
**Motion No.  012**

**Page 2 of 6**

[* 2]

law. *Alvarez v Prospect Hospital*, 68 NY2d 320, 501 [1986]; *Winegrad v New York University Medical Center*, 64 NY 2d 851 [1985]. Courts have also recognized that summary judgment is a drastic remedy that deprives a litigant of his or her day in court. Therefore, the party opposing a motion for summary judgment is entitled to all favorable inferences that can be drawn from the evidence submitted.

Discussion

## I.      Indemnification

### a.  *Trinity and Kings*

On or about October 14, 2014, Trinity and Kings entered into a contract for construction services for the subject project. The Trinity and Kings Contract provides,

> "to the fullest extent permitted by applicable law, Subcontractor agrees to defend, indemnify and hold harmless Owner, to the Architect/Engineer, Contractor and anyone else required by the Contract Documents, from and against any and all claims, damages or loss (including attorney's fees) arising out of or resulting from any work of and caused in whole or in **part by any negligent act or omission of Subcontractor or those employed by it, or working under those employed by it at any level**, regardless of whether or not caused in part by a party indemnified here under." (emphasis added)

Trinity argues that Kings' contractual obligations are triggered by its own negligence and/or the negligence of those "working under" Kings. The Court agrees. Kings argues that the indemnification provision only applies to employees of Kings, and as Hayward was a subcontractor, the provision is inapplicable to the actions of Hayward and its employees. The Court finds this argument unavailing and controverted by the plain language of the contract language. The explicit contract language states that the indemnification provision applies to those "employed" by the subcontractor, but also, "working under those employed by it." At a minimum, there is a question of fact as to whether Hayward falls within the latter. Moreover,

**151467/2016   CROTTY, WILLIAM vs. CITY OF NEW YORK**
**Motion No.  012**

**Page 3 of 6**

there remains an outstanding question of fact as to Hayward's negligence, and thus the applicability of this provision.

### b. *Kings and Hayward*

The Court finds Kings has established its *prima facie* entitlement to dismissal of Hayward's cross claim for common law indemnification. To establish common-law indemnification, "the one seeking indemnity must prove not only that it was not guilty of any negligence beyond the statutory liability but must also prove that the proposed indemnitor was guilty of some negligence that contributed to the causation of the accident for which the indemnitee was held liable to the injured party by virtue of some obligation imposed by law, such as the nondelegable duty imposed by Labor Law § 240(1)." *Correia v. Professional Data Mgmt., Inc.*, 259 A.D.2d 60 (1st Dept 1999).

Kings offers that the record provides uncontroverted proof that Kings was not negligent with respect to Plaintiff's accident as it did not supervise or control plaintiff's work and was not present on the project site at the time of plaintiff's accident. Moreover, Kings contends that Hayward has failed to establish it was not negligent, and thus cannot withstand a claim against Kings for common law indemnification. The Court agrees. Even in the light most favorable to Hayward, Hayward's claim for common law indemnification by Kings fails. This is further supported by Hayward's failure to meaningly oppose this aspect of Kings' motion.

Furthermore, the Court finds Kings is entitled to contractual indemnification from Hayward, pursuant to the parties' subcontract. The subcontract between Kings and Hayward reads,

> "**to the fullest extent permitted by law, Subcontractor, and any/all of its sub-subcontractors, shall defend, indemnify and hold harmless Contractor, Owner, Owner's lender, and Owner's other contractors and architect and such other parties identified in Exhibit "C",** and all of their officers, directors, partners, representatives,

**151467/2016   CROTTY, WILLIAM vs. CITY OF NEW YORK**
**Motion No.  012**

**Page 4 of 6**

agents, and employees (hereinafter, the "indemnitees") from and against all claims, suits, expenses (including but not limited to reasonable attorneys' fees both defending against any third-party claims, recovering amounts due hereunder and enforcing this indemnity), damages losses, liens judgments and liabilities (collectively, "indemnifiable damages") related to, or arising in whole or in part, in any manner, from, or in connection with: (a) a breach of this subcontract by Subcontractor or any sub-subcontractor working under Subcontractor, or any their officers, directors, partners, representatives, agents, employees or sub-subcontractors, **or (ii) any of the Work; or (c) a claim by any third party arising out of the Work;** provided, however, that such indemnification shall not apply to indemnify any party to the extent of Indemnifiable Damages directly causes by such party's own negligence or willful misconduct…" (emphasis added)

The contract provides that Hayward "shall" indemnify Kings from and against all claims, suits, and expenses including defending against third-party claims that arise out of "the work." Here, it is undisputed that plaintiff, while working for Hayward, was performing the work pursuant to the contract at the time of the accident. The record reflects that Kings was not present at the time of the accident nor involved in the supervision or control of the plaintiff. Moreover, Hayward has failed to offer any evidence or arguments in dispute of this. Therefore, the Court finds Kings is entitled to contractual indemnification from Hayward.

### c. *Kings and The City*

Lastly, Kings seeks an order dismissing The City's crossclaims against it. The City has failed to substantively oppose. The Court finds that dismissal of The City's cross claims against Kings is warranted.

Accordingly, it is hereby,

ORDERED that Hayward's cross claim for common law indemnification against Kings is dismissed; and it is further

ORDERED that Kings' motion for summary judgment on its crossclaim for contractual indemnification against Hayward is granted; and it is further

ORDERED that The City's cross claims against Kings are dismissed.

**151467/2016   CROTTY, WILLIAM vs. CITY OF NEW YORK**
**Motion No.  012**

Page 5 of 6

[* 5]

20240521164701LFRANKD56462DB595D4473A921B903FFDF8642

**5/21/2024**
**DATE**

**LYLE E. FRANK, J.S.C.**

| CHECK ONE: | ☐ CASE DISPOSED | ☒ NON-FINAL DISPOSITION | |
|---|---|---|---|
| | ☐ GRANTED | ☐ DENIED | ☒ GRANTED IN PART | ☐ OTHER |
| APPLICATION: | ☐ SETTLE ORDER | ☐ SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | ☐ INCLUDES TRANSFER/REASSIGN | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE |

**151467/2016   CROTTY, WILLIAM vs. CITY OF NEW YORK**
**Motion No.  012**

Page 6 of 6