Nyanteh v 590 Madison Ave., LLC (2025 NY Slip Op 03163)

Nyanteh v 590 Madison Ave., LLC

2025 NY Slip Op 03163

Decided on May 27, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 27, 2025

Before: Manzanet-Daniels, J.P., Kennedy, Kapnick, Mendez, Shulman, JJ. 

Index No. 150077/21, 595417/21, 595710/21|Appeal No. 4439|Case No. 2024-06274|

[*1]Chris Nyanteh et al., Plaintiffs-Respondents,
v
590 Madison Avenue, LLC, et al., Defendants-Respondents,

590 Madison Avenue, LLC, et al., Third-Party Plaintiffs-Respondents,
v
Eclipse Contracting Corp., Third-Party Defendant-Appellant.

Shawmut Woodworking & Supply, Inc., Second Third-Party Plaintiff- Respondent,
v
Eclipse Contracting Corp., Second Third-Party Defendant- Appellant, The Knoller Company, Second Third-Party Defendant.

Lewis Brisbois Bisgaard & Smith, LLP, New York (Matthew Cueter of counsel), for appellant.
DSR Appeals, Montrose (Daniel S. Ratner of counsel), for Chris Nyanteh, respondent.
Nicoletti Hornig Namazi Eckert & Sheehan, New York (Jonathan P. Sellers of counsel), for 590 Madison Ave, LLC, Shawmut Woodworking & Supply, Inc., and Tourneau, LLC, respondents.

Order, Supreme Court, New York County (Mary V. Rosado, J.), entered September 9, 2024, which denied third-party defendant/second third-party defendant Eclipse Contracting Corp.'s (Eclipse) motion for summary judgment dismissing, in effect, the third-party complaint and second third-party complaint, and granted that branch of plaintiffs' cross-motion for partial summary judgment on the issue of liability on their Labor Law § 240 (1) claim, unanimously affirmed, without costs.
Plaintiff Chris Nyanteh's accident occurred as he was moving, by himself, an A-frame cart loaded with several heavy metal sheets, when one of the cart's wheels caught on some debris, causing the cart and sheets to tip over and onto him. These facts established plaintiffs' prima facie entitlement to partial summary judgment on the issue of liability on the Labor Law § 240(1) claim (see Touray v HFZ 11 Beach St. LLC, 180 AD3d 507, 507 [1st Dept 2020]). Defendants and Eclipse failed to raise an issue of fact in opposition. That plaintiff may have moved the cart by himself when he was not supposed to amounts, at most, to comparative or contributory negligence, which is not a viable defense to a Labor Law § 240(1) violation (see e.g. Cusumano v Super P57 LLC, — AD3d &mdash, 2025 NY Slip Op 02153 [1st Dept 2025]). Moreover, plaintiff could not have been the sole proximate cause of his accident, since defendants' Labor Law § 240 (1) violation was at least a proximate cause thereof (see Blake v Neighborhood Hous. Servs. of N.Y. City, 1 NY3d 280, 290 [2003]). In view of the foregoing, the issue of defendants' liability under Labor Law § 241(6) is academic (see e.g. Pimentel v DE Frgt. LLC, 205 AD3d 591, 593 [1st Dept 2022]).
Defendant/second third-party plaintiff Shawmut Woodworking & Supply, Inc.'s (Shawmut) job order with Eclipse expressly incorporates by reference a prior "universal subcontract" between them, which contains an indemnification clause obligating Eclipse to indemnify "Owner" and Shawmut, among others, for claims "arising out of or resulting from any work of and caused in whole or in part by any act or omission of" Eclipse. Thus, this indemnification agreement has both a performance-of-the-work trigger as well as a negligence trigger (compare Brown v Two Exch. Plaza Partners, 76 NY2d 172, 178 [1990]). Eclipse is not entitled to summary judgment dismissing the third-party contractual indemnification claims because issues of fact remain as to its negligence, particularly as to whether it failed to properly store its A-frame cart and metal sheets by leaving them unattended in another trade's path. Eclipse only argues for the first time on appeal that 590 Madison was not entitled to contractual indemnification because it is not in privity with Eclipse. However, since the contract documents contain references to both Tourneau and 590 Madison as the "Owner", Eclipse's motion seeking to dismiss 590 Madison's contractual indemnification claim against it was properly denied.
The [*2]abovementioned issues of fact as to Eclipse's negligence also preclude summary judgment dismissing the third-party common-law indemnification and contribution claims against it (see Correia v Professional Data Mgt., 259 AD2d 60, 65 [1st Dept 1999]).
Finally, Eclipse did not establish its prima facie entitlement to summary judgment dismissing the third-party breach of contract claims for failure to procure insurance (see generally Cooper v Bldg 7th St. LLC, 231 AD3d 533, 534 [1st Dept 2024]). In support of its motion, Eclipse identified the contract provision requiring the procurement of insurance, which required Eclipse to procure commercial general liability insurance with $1 million/$2 million policy limits, $5 million of excess liability coverage, and additional insured coverage for 590 Madison, Tourneau, and Shawmut, among others. However, Eclipse only produced the endorsement covering additional insureds, and did not establish that it procured the required commercial general liability or excess liability insurance. That branch of its motion for summary judgment dismissing the third-party breach of contract claims was therefore properly denied.
We have considered the remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 27, 2025