**Barreto v Downtown NYC Owner, LLC**

2026 NY Slip Op 30927(U)

March 11, 2026

Supreme Court, New York County

Docket Number: Index No. 150302/2020

Judge: Arlene P. Bluth

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:     HON. ARLENE P. BLUTH                    PART                    14
_____
                              *Justice*

--------------------------------------------------------------------X

WILMAN BOSKOVICH BARRETO,                    INDEX NO.          150302/2020

                              Plaintiff,     MOTION DATE        03/03/2026

            - v -                            MOTION SEQ. NO.    002 003 004

DOWNTOWN NYC OWNER, LLC,

                              Defendant.

--------------------------------------------------------------------X            **DECISION + ORDER ON MOTION**


DOWNTOWN NYC OWNER, LLC                              Third-Party
                                              Index No.  595622/2021
                              Plaintiff,

            -against-

EUROTECH CONSTRUCTION CORP. and NATIONAL
ACOUSTICS LLC,

                              Defendant.
--------------------------------------------------------------------X
NATIONAL ACOUSTICS LLC,

Second Third-Party Plaintiff,
-against-

ISLAND TAPING INC.,

Second Third-Party Defendant.
-------------------------------------------------------------- X


The following e-filed documents, listed by NYSCEF document number (Motion 002) 122, 123, 124, 125, 126, 127, 128, 129, 130, 131, 132, 133, 134, 135, 136, 137, 138, 139, 140, 141, 142, 143, 144, 145, 146, 147, 148, 149, 150, 151, 152, 153, 154, 155, 156, 157, 158, 159, 160, 165, 166, 167, 168, 169, 170, 171, 172, 173, 174, 175, 176, 177, 178, 179, 180, 182, 244, 245, 253, 255

were read on this motion to/for                    JUDGMENT - SUMMARY                    .

The following e-filed documents, listed by NYSCEF document number (Motion 003) 183, 184, 185, 186, 187, 188, 189, 190, 191, 192, 193, 194, 195, 196, 197, 198, 199, 200, 201, 202, 203, 204, 205, 206, 207, 208, 209, 210, 211, 212, 213, 214, 215, 216, 217, 218, 219, 220, 221, 222, 223, 224, 225, 226, 227, 228, 229, 230, 246, 247, 248, 249, 250, 251, 252, 254

were read on this motion to/for                    JUDGMENT - SUMMARY                    .

[* 1]

The following e-filed documents, listed by NYSCEF document number (Motion 004) 231, 232, 233, 234, 235, 236, 237, 238, 239, 240, 241, 242, 243

were read on this motion to/for            SUMMARY JUDGMENT        .

Motion Sequence Numbers 002, 003 and 004 are consolidated for disposition. Defendant Downtown NYC Owner LLC ("Downtown")'s motion (MS002) for summary judgment and plaintiff's cross-motion for summary judgment are both decided as described below. Third-party defendant National Acoustics, LLC ("National")'s motion (MS003) and Island Taping, Inc. ("Island Taping")'s cross-motion for summary judgment are decided as described below. Third-party defendant Eurotech Construction Corp. ("Eurotech")'s motion (MS004) for summary judgment is decided as described below.

**Background**

In this Labor Law case, plaintiff contends that he was injured when the wooden platform upon which he was working tilted, causing him to fall nearly six feet to the floor below. Plaintiff explained that he worked for Island Taping as a journeyman taper. He testified that he was "the person that leaves the wall ready to be painted. I separate the walls. I apply the tape. I apply the compound. I leave it ready" (NYSCEF Doc. No. 171 at 27). On the day of the accident, plaintiff was tasked with "applying the tape. I was supplying the compound" (*id*. at 40).

He insisted that "I was working and suddenly the wood plank of the scaffold broke, opened up in the middle, and I fell down. And I fell down and I fell down standing up, and then everything fell on top of me, the compound, the wood, plank, the scaffolding everything" (*id*.). Plaintiff added that the scaffold upon which he was working was already set up and belonged to

150302/2020   **BOSKOVICH BARRETO, WILMAN vs. DOWNTOWN NYC OWNER, LLC**        **Page 2 of 10**
Motion No. 002 003 004

2 of 10

[* 2]

Island Taping (*id*. at 41). He contends that prior to working on it, he checked it for safety and locked it in place (*id*. at 42).

Downtown, the owner of the premises, moves for summary judgment on plaintiff's claim under Labor Law § 200 as well as all the Industrial Code sections upon which plaintiff's Labor Law § 241(6) claims are based except for sections 23- 1.5(c)(3), 23-5.1, and 23-5.18. It also seeks summary judgment on its third-party complaint against National.

Plaintiff cross-moves for summary judgment on his Labor Law § 240(1) claim as well as his Labor Law § 241(6) claim predicated upon Industrial Code sections 23-1.5(c)(3), 23-5.1(e)(1), 23-5.18(a), 23-5.18(b) and 23-5.18(f).

National makes its own motion to dismiss Downtown's claims, Island Taping's claims and Eurotech's claims against it and in its favor on National's affirmative causes of action against Island Taping.

Island Taping cross-moves for summary judgment dismissing National's claims against it.

Finally, Eurotech moves for summary judgment dismissing the causes of action against it.

**Labor Law § 240(1)**

"Labor Law § 240(1), often called the 'scaffold law,' provides that all contractors and owners . . . shall furnish or erect, or cause to be furnished or erected . . . scaffolding, hoists, stays, ladders, slings, hangers, blocks, pulleys, braces, irons, ropes, and other devices which shall be so constructed, placed and operated as to give proper protection to construction workers employed on the premises" (*Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 499-500, 601 NYS2d 49 [1993] [internal citations omitted]). "Labor Law § 240(1) was designed to prevent those types

150302/2020   BOSKOVICH BARRETO, WILMAN vs. DOWNTOWN NYC OWNER, LLC          Page 3 of 10
Motion No.  002 003 004

3 of 10

of accidents in which the scaffold, hoist, stay, ladder or other protective device proved inadequate to shield the injured worker from harm directly flowing from the application of the force of gravity to an object or person" (*id.* at 501).

"[L]iability [under Labor Law § 240(1)] is contingent on a statutory violation and proximate cause . . . violation of the statute alone is not enough" (*Blake v Neighborhood Hous. Servs. of NY City*, 1 NY3d 280, 287, 771 NYS2d 484 [2003]).

As an initial matter, plaintiff is entitled to summary judgment on liability against Downtown (the owner of the premises) with respect to his Labor Law § 240(1) (*Amaro v New York City School Constr. Auth.*, 229 AD3d 746, 748 [2d Dept 2024] [finding a Labor Law § 240(1) violation where a plaintiff was injured when a wooden plank on a scaffold suddenly broke]).

Downtown did not directly oppose this branch of plaintiff's cross-motion. Instead, it insists that it can only be held liable by virtue of the strict liability scheme of Labor Law § 240(1).

**Labor Law § 200**

Plaintiff did not oppose the portion of Downtown's motion to dismiss this cause of action and so this claim, along with the common-law negligence claim, are severed and dismissed.

**Labor Law § 241(6)**

"The duty to comply with the Commissioner's safety rules, which are set out in the Industrial Code (12 NYCRR), is nondelegable. In order to support a claim under section 241(6). . . the particular provision relied upon by a plaintiff must mandate compliance with concrete

150302/2020   BOSKOVICH BARRETO, WILMAN vs. DOWNTOWN NYC OWNER, LLC        Page 4 of 10
Motion No.  002 003 004

4 of 10

specifications and not simply declare general safety standards or reiterate common-law principles" (*Misicki v Caradonna*, 12 NY3d 511, 515, 882 NYS2d 375 [2009]). "The regulation must also be applicable to the facts and be the proximate cause of the plaintiff's injury" *(Buckley v Columbia Grammar and Preparatory*, 44 AD3d 263, 271, 841 NYS2d 249 [1st Dept 2007]).

"Section 241(6) subjects owners and contractors to liability for failing to adhere to required safety standards whether or not they themselves are negligent. Supervision of the work, control of the worksite, or actual or constructive notice of a violation of the Industrial Code are not necessary to impose vicarious liability against owners and general contractors, so long as some actor in the construction chain was negligent" (*Leonard v City of New York*, 216 AD3d 51, 55-56, 188 NYS3d 471 [1st Dept 2023]).

Downtown seeks summary judgment dismissing this claim to the extent that plaintiff's cause of action is based on 23-1.7, 23- .11, 23-1.15, 23-1.16, 23-5.2, 23-5.3, 23-5.4, 23-5.5, 23-5.6, 23-5.7, 23-5.8, 23-5.9, 23-5.10, 23-5.11, 23-5.12, 23-5.13, 23-5.14, 23-5.15, 23-5.16, 23-5.17, 23-5.19, 23-5.20, 23-5.21, 23-5.22.

Plaintiff did not address these sections and so the Court dismisses these sections.

The only remaining issues for this cause of action are Industrial Code sections 23-1.5(c)(3), 23-5.1(e)(1), 23-5.18(a), 23-5.18(b) and 23-5.18(f). Plaintiff cross-moves for summary judgment on each one. The Court denies this branch of plaintiff's cross-motion because the moving papers in support do not provide any specific analysis with respect to each of these Industrial Code sections. Instead, the memorandum of law simply offers the conclusory assertion that "the uncontroverted evidence" shows a violation of each of these sections. Plaintiff then

150302/2020   BOSKOVICH BARRETO, WILMAN vs. DOWNTOWN NYC OWNER, LLC          Page 5 of 10
Motion No.  002 003 004

5 of 10

quoted each of the sections but did not include any analysis directed towards each of these sections.

**Downtown's Claims Against National**

With respect to its claims against National, a subcontractor on site, Downtown contends that National entered into a contract with non-party Structure Tone (the general contractor) in which it agreed to indemnify Downtown and so it is therefore entitled to contractual indemnification from National. Downtown argues that National subcontracted with plaintiff's employer, Island Taping, and that this accident arose out of National's work.

In opposition and in support of its own separate motion (MS003), National observes that the moving papers only discuss contractual indemnification and so Downtown is not entitled to summary judgment on its common law indemnification cause of action against National. National insists that it did not direct, supervise or control plaintiff's work and that it did not use any Baker scaffolds on the job site.

In reply, Downtown contends that the indemnification provision clearly provides Downtown with contractual indemnification as the accident clearly arose out of National's subcontractor's work.

"In contractual indemnification, the one seeking indemnity need only establish that it was free from any negligence and was held liable solely by virtue of the statutory liability. Whether or not the proposed indemnitor was negligent is a non-issue and irrelevant. In distinction, in the case of common-law indemnification, the one seeking indemnity must prove not only that it was not guilty of any negligence beyond the statutory liability but must also prove that the proposed

150302/2020   BOSKOVICH BARRETO, WILMAN vs. DOWNTOWN NYC OWNER, LLC          Page 6 of 10
Motion No.  002 003 004

6 of 10

indemnitor was guilty of some negligence that contributed to the causation of the accident for which the indemnitee was held liable to the injured party by virtue of some obligation imposed by law, such as the non-delegable duty imposed by Labor Law Section 240(1)" (*Correia v Professional Data Mgt., Inc.*, 259 AD2d 60, 65, 693 NYS2d 596 [1st Dept 1999]).

Here, the Court grants the branch of Downtown's motion to the extent it seeks contractual indemnification as against National. As noted above, Downtown only needed to show that it was not negligent and was held liable simply because of some obligation, such as Labor Law § 240(1), which it did. National's insistence that it was not negligent is a "non-issue." There is no dispute that plaintiff's accident arose out of work performed by National's subcontractor, Island Taping and that National's contract with Structure Tone (the general contractor) required it to hold Downtown (as the owner) harmless for this type of incident. It must therefore provide contractual indemnification (*Quiroz v New York Presbyt./Columbia Univ. Med. Ctr.*, 202 AD3d 555, 556, 163 NYS3d 516 [1st Dept 2022]).

**National's Claims Against Island Taping**

National also moves for summary judgment against Island Taping on its claims for contractual indemnification and to dismiss Island Taping's counterclaims for indemnification. National insists that it did not use the type of scaffolds involved in the incident and that Island Taping had complete control over plaintiff's work.

Island Taping makes its own cross-motion for summary judgment on the ground that Workers' Compensation Law § 11 bars any claim for common law indemnification and that it is

150302/2020   BOSKOVICH BARRETO, WILMAN vs. DOWNTOWN NYC OWNER, LLC          Page 7 of 10
Motion No.  002 003 004

7 of 10

not responsible for any contractual indemnification causes of action because it had no duty to perform site safety.

As an initial matter, the Court grants the portion of Island Taping's cross-motion that seeks to dismiss the common law indemnification and contribution claims. Workers Compensation Law § 11 provides a "shield against third-party claims for common-law contribution and indemnification" (*New York Hosp. Med. Ctr. of Queens v Microtech Contr. Corp.*, 22 NY3d 501, 508 [2014]).

However, the Court grants the branch of National's motion to the extent it seeks contractual indemnification from Island Taping. Island Taping contends that "plaintiff is claiming that the accident did not arise because of the performance of his work, rather plaintiff is claiming that the accident occurred because of the absence of adequate safety devices as required by Labor Law 240(1)" (NYSCEF Doc. No. 230 at 5). That is not a valid basis to deny contractual indemnification to National. Island Taping admits that "the indemnification clause [in its contract] states that indemnification is owed by ISLAND for any injuries arising out of the performance of its work" (*id*.). There is no doubt the accident happened while plaintiff was performing his work on a scaffold that he testified was provided by Island Taping at the direction of an Island Taping foreman. Island Taping's references to site safety do not absolve it of its obligation to provide safe work equipment to its own employees. There is also no indication that the accident happened because of a lack of site safety—the record points to faulty equipment.

[* 8]

**National's Claims Against Eurotech**

National also seeks to dismiss Eurotech's claims for contractual indemnification and breach of contract on the ground that there was no contract between these two parties. As the Court did not see any opposition from Eurotech under this sequence number, the Court grants this portion of National's motion.

**Eurotech's Motion**

Eurotech's motion to dismiss all of the claims against it in MS004 has no opposition and so it is granted.

Accordingly, it is hereby

ORDERED that Downtown NYC Owner LLC's motion (MS002) for summary judgment dismissing plaintiff's Labor Law § 200 and Labor Law § 241(6) claim on all claims except for those based on Industrial Code sections 23- 1.5(c)(3), 23-5.1, and 23-5.18 is granted; and it is further

ORDERED that the branch of Downtown NYC Owner LLC's motion for summary judgment against National Acoustics LLC is granted to the extent that it is entitled to contractual indemnification against this defendant; and it is further

ORDERED that plaintiff's cross-motion for summary judgment is granted only to the extent that he is entitled to judgment on liability as to his Labor Law § 240(1) claim; and it is further

ORDERED that National Acoustics, LLC's motion for summary judgment is granted to the extent that Downtown NYC Owner LLC's claim for common law indemnification and contribution is severed and dismissed, National Acoustics, LLC's claim for contractual

150302/2020   BOSKOVICH BARRETO, WILMAN vs. DOWNTOWN NYC OWNER, LLC          Page 9 of 10
Motion No.  002 003 004

9 of 10

indemnification against Island Taping Inc. is granted, and all claims asserted by Eurotech

Construction Corp. against National Acoustics, LLC are severed and dismissed; and it is further

ORDERED that Island Taping Inc.'s cross-motion for summary judgment is granted to

the extent that the common law indemnification and contribution claims asserted against it by

National Acoustics, LLC are severed and dismissed; and it is further

ORDERED that Eurotech Construction Corp.'s motion (MS004) for summary judgment

dismissing the claims against it is granted.

| 3/11/2026 | | | |
|---|---|---|---|
| **DATE** | | **ARLENE P. BLUTH, J.S.C.** | |

| CHECK ONE: | | CASE DISPOSED | X | NON-FINAL DISPOSITION |
|---|---|---|---|---|
| | | GRANTED | DENIED | GRANTED IN PART | X | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | | REFERENCE |

**150302/2020 BOSKOVICH BARRETO, WILMAN vs. DOWNTOWN NYC OWNER, LLC** Page 10 of 10
**Motion No. 002 003 004**

10 of 10